CIGNA LLOYDS INSURANCE COMPANY, Texas Pacific Indemnity Company, and United National Insurance Company, Appellants,

v.

**BRADLEYS' ELECTRIC, INC., Appellee.**

No. 13–95–524–CV.

Court of Appeals of Texas, Corpus Christi.

May 14, 1998.

William M. Savino, M. Paul Gorfinkel, James M. Harinski, Rivkin, Radler & Kremer, Uniondale, NY, for Amicus Curiae.

Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, San Antonio, Nicolette V. Mansoor, R. Brent Cooper, Cooper, Aldous & Scully, Dallas, Michael W. McCoy, P. Wayne Pickering, Benckenstein & Oxford, L.L.P., Houston, James C. Nielsen, Wright, Robinson, McCammon, Osthimer & Tatum, San Francisco, CA, Alex E. Cosculluela, Daryl G. Dursum, Adams & Reese, Houston, James W. Wray, Jr., Chaves, Gonzales & Hoblit, Corpus Christi, for Appellant.

Tom C. Wheat, Kathryn F. Green, Kleberg Law Firm, Corpus Christi, David Gauntlett, M. Danton Richardson, Gauntlett & Associates, Irvine, CA, for Appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

## OPINION ON MOTION FOR REHEARING

YANEZ, J.

Cigna Lloyds Insurance Company (hereinafter "Cigna"), United National Insurance Company (hereinafter "United National"), and Texas Pacific Indemnity Company (hereinafter "Texas Pacific") appeal a summary judgment in favor of Bradleys' Electric, Incorporated (hereinafter "Bradleys' "), by which appellants were adjudged to have a duty to defend a third-party contributory patent infringement claim against Bradleys'. Cigna and United National further challenge the transfer of this case from Harris County, where Cigna originally filed an action for declaratory relief against Bradleys'. We issued an opinion in this cause on January 22, 1998, by which we reversed the judgment of trial court and rendered judgment in favor of appellants. Both Cigna and Bradleys' have filed motions for rehearing. We hereby grant Bradleys' motion for rehearing and withdraw our original opinion. This is now the opinion of the Court. We reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

Bradleys' sells "DISCUS" repair part kits for the repair of the valve plate assemblies of compressors patented and sold by the Copeland Corporation. In a letter received by Bradleys' on March 3, 1992, an attorney for the Copeland Corporation charged that Bradleys's repair kits may be used by purchasing customers to remanufacture Copeland compressors; hence Copeland alleged that Bradleys' was a contributory patent infringer. On or about April 22, 1992, Bradleys' filed suit against Copeland in a Houston federal court, seeking a declaratory judgment that its actions did not constitute patent infringement. Copeland counterclaimed, alleging patent infringement by Bradleys'. After some delay in responding to Bradleys's notice of this counterclaim, Cigna, which is Bradleys's primary insurance carrier, agreed to

defend Bradleys' against the counterclaim and paid $250,000 in attorneys' fees thus far expended by Bradleys', but reserved its rights under its policy for Bradleys'. By letter dated October 21, 1993, Cigna informed Bradleys' that Cigna would not provide a defense or indemnity for the Copeland counterclaim.

On October 26, 1993, Cigna filed suit in a Harris County district court seeking a declaratory judgment that it had no duty to defend or indemnify Bradleys' in the patent infringement suit pending in federal court. On December 13, 1993, Bradleys' filed its original answer, by which it specially excepted to venue of the action in Harris County, made a general denial, claimed that Cigna waived its right to assert the claims in its action, and counterclaimed, seeking a declaratory judgment that Cigna had a duty to defend Bradleys' against the Copeland lawsuit under the "advertising liability" provisions of its policy with Cigna. Also on December 13, 1993, Bradleys' filed a motion to transfer venue of Cigna's cause of action to Nueces County, on the ground that (1) Bradleys' was not a resident of Harris County, (2) no part of the cause of action arose in Harris County, (3) no mandatory or permissive exception authorized maintenance of this action in Harris County, and (4) the insurance contracts at issue were negotiated and entered into in Nueces County. On that same day, Bradleys' further filed a third-party petition for declaratory judgment and other relief against United National and Texas Pacific, umbrella insurance carriers for Bradleys', alleging that both carriers were contractually obligated to defend Bradleys' against any advertising injury claims and to indemnify Bradleys' for any "excess" damages it would have to pay as a result of alleged advertising injury, in light of Cigna's denial of coverage against the Copeland cause of action. On February 28, 1994, the Harris County trial court granted Bradleys's motion to transfer venue. Apparently, this order was subsequently vacated, as the court, on August 5, 1994, again granted Bradleys's motion to transfer venue.

On May 25, 1994, Bradleys' filed a motion for summary judgment against Texas Pacific and United National, arguing that the advertising injury provisions of their policies cover Copeland's patent infringement counterclaim and that their policies' "drop down" provisions require the companies to defend Bradleys' against the counterclaim. On August 19, 1994, both Texas Pacific and United National filed responses to Bradleys's motion for summary judgment, and Texas Pacific filed a cross-motion for summary judgment. Texas Pacific argued that the phrase "advertising injury" in its policy for Bradleys' did not cover the Copeland patent infringement claim. Specifically, Texas Pacific maintained that Copeland had not "alleged any personal injury, property damage or advertising liability caused by an occurrence, but rather ... alleged only that Bradleys' infringed and caused others to infringe upon its patent rights" (footnote omitted). On August 24, 1994, United National filed a motion for summary judgment, arguing: "Nowhere is it alleged by Copeland in its claim against Bradleys' Electric that an injury occurred in the course of its advertising." On October 3, 1994, the actions between Bradleys', Cigna, and Texas Pacific were consolidated, and on October 4, 1994, United National joined the consolidation.

On January 4, 1995, the court signed an order granting Cigna's motion for summary judgment, stating that Cigna had no duty to defend Bradleys' against Copeland's counterclaim. On January 16, 1995, the court signed orders granting United National's and Texas Pacific's motions for summary judgment, stating that United National and Texas Pacific, respectively, had no duty to defend Bradleys' against the counterclaim. Bradleys' subsequently filed motions for reconsideration of the summary judgment orders for Texas Pacific and United National. On February 20, 1995, the court, without explanation, vacated the summary judgment favoring Cigna.

On March 24, 1995, Bradleys' filed a motion for summary judgment against Cigna and its opposition to Cigna's summary judgment motion. On July 25, 1995, the court, without specifying any reasons, signed an order granting Bradleys's motion for summary judgment against Cigna, and granted Bradleys's motion for reconsideration of the summary judgment granted in favor of United National and Texas Pacific. On August 1, 1995, the court vacated the summary judgment favoring Texas Pacific and United National and, without specifying its reasons, granted summary judgment in favor of Bradleys'. Subsequent motions for reconsideration, rehearing, and/or new trial filed by Cigna, Texas Pacific, and United National were overruled.

■ On appeal, the court's summary judgment and the transfer of this case from Harris to Nueces County are at issue. Because an improper transfer of venue would be reversible error, Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (Vernon 1986), we will address the venue points first. Cigna and United National maintain venue was proper in Harris County because all or part of Cigna's cause of action accrued in Harris County and no mandatory or permissive venue exception to this general rule of venue determination applies. Cigna and United National maintain that Bradleys' demand that Cigna pay the attorneys' fees Bradleys' had expended in a federal court in Harris County against Copeland, and its demand that Cigna defend it in the federal court litigation in Harris County reflect that at least part of Cigna's cause of action for declaratory relief arose in Harris County. By its motion to transfer venue, Bradleys' maintained that in an action for declaratory relief pertaining to the interpretation of a contract, the contract alone is the subject of the cause of action; where the contract was negotiated and executed is where the cause of action arose; and because the

contract was negotiated and executed in Nueces County, Harris County was not proper venue. On appeal, Bradleys' reiterates this argument.

■ In determining whether the trial court improperly transferred a case to another county, we must consider the entire record in the light most favorable to the trial court's ruling. *Ruiz v. Conoco, Inc.* 868 S.W.2d 752, 758 (Tex.1993).

Cigna's suit against Bradleys' for declaratory relief was filed before September 1, 1995, so venue law in effect at the time the action was filed applies. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 11(a), 1995 Tex.Gen.Laws 981. As both appellants and appellee agree, no mandatory or permissive venue exceptions are applicable, *see* Tex.Civ.Prac. & Rem.Code Ann. §§ 15.011–15.035 (Vernon Supp.1998),[1] so we will rely on the general venue statute. Former section 15.001 of the civil practice and remedies code provided that except as otherwise provided, all lawsuits shall be brought in the county in which all or part of the cause of action accrued or in the county of defendant's residence if defendant is a natural person. Tex.Civ.Prac. & Rem.Code Ann. § 15.001 (Vernon 1986), *amended by* Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex.Gen. Laws 978 [now at Tex.Civ.Prac. & Rem. Code Ann. § 15.002 (Vernon Supp.1998) ]. Section 15.063 of the civil practice and remedies code, which has not been amended since this case was filed, and rule of civil procedure 87(3)(c) do not allow for transfer of a pending action in a proper county except on grounds not germane to this case, *i.e.*, an impartial trial cannot be held in the county, or the parties have consented in writing to a transfer. *See* Tex.Civ.Prac. & Rem.Code Ann. § 15.063 (Vernon 1986); Tex.R.Civ.P. 87(3)(c); *Wilson v. Texas Parks & Wildlife,* 886 S.W.2d 259, 261 (Tex.1994). If, therefore, Cigna filed suit in a county of proper venue, no

---

1. We cite to the current provisions of the code because the amendments to it subsequent to

when this suit was filed have no bearing on the outcome of the case.

other county can be proper venue in the case. Thus we next must consider whether Harris County, where Cigna filed suit, was a county of proper venue.

 A "cause of action" consists of a plaintiff's primary right and every fact necessary for a plaintiff to prove in order to obtain judgment, although not every evidentiary fact. *Krchnak v. Fulton,* 759 S.W.2d 524, 526 (Tex.App.—Amarillo 1988, writ denied).

We recognize, as Bradleys' argues, that by its cause of action for declaratory relief, Cigna seeks an interpretation of its rights or duties under an insurance contract with Bradleys', and that because the contractual rights and duties at issue were created and entered into in Nueces County, Nueces County could be a proper county for venue. *See Stone Fort Nat'l Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674, 676–77 (1936). The dispositive issue, nevertheless, is whether venue was proper in Harris County. *See Wilson,* 886 S.W.2d at 261 (if plaintiff files suit in county of proper venue, it is reversible error to transfer venue even if the county of transfer would have been proper if originally chosen by the plaintiff).

The record reflects that Bradleys' made its claims for attorney's fees to Cigna pursuant to its (Bradleys') defense against Copeland's patent infringement claims pending in a federal district court located in Harris County. The record further reflects that Bradleys' demanded Cigna defend it in this federal litigation in Harris County. Because the suit against Bradley's is pending in Harris County and must be defended there, at least part of the cause of action relating to the duty to defend issue arose in Harris County. We therefore hold that Harris County was a county of proper venue. *Cf. Bituminous Casualty Corp. v. Commercial Standard Ins. Co.,* 639 S.W.2d 25, 27 (Tex.App.—Tyler 1982, no writ) (at least part of the cause of action relating to duty to defend issue arose in San Augustine County because the suit

against the insured was pending in that county and had to be defended there).

 This erroneous transfer, moreover, is per se reversible error. *Wilson,* 886 S.W.2d at 261.

Cigna's and United National's third points of error are sustained.

By our disposition of these points of error, we need not address appellants' remaining points of error. TEX.R.APP.P. 47.1.

Accordingly, we reverse the judgment of the trial court and remand this cause with instructions that it be returned to Harris County.