**BRADLEYS' ELECTRIC, INC., Petitioner,**

v.

**CIGNA LLOYDS INSURANCE COMPANY, United National Insurance Company, and Texas Pacific Indemnity Company, Respondents.**

No. 98–0773.

Supreme Court of Texas.

June 10, 1999.

Tom C. Wheat, Corpus Christi, David A. Gauntlett, Irvine, Richare D. Fladung, Houston, Kathryn F. Green, Corpus Christi, M. Danton Richardson, Irvine, for petitioner.

Thomas H. Crofts, Jr., Ellen B. Mitchell, San Antonio, R. Brent Cooper, Micolette M. LaRoe, Dallas, Alex E. Cosculluela, Darrell G. Dursum, Houston, Jmes W. Wray, Jr., Corpus Christi, Michael W. McCoy, Paul Wayne Pickering, Houston, James C. Nielsen, San Francisco, CA, for respondents.

## PER CURIAM.

The question in this case is whether the court of appeals erred by remanding the case to the trial court without considering and deciding an issue upon which it could have rendered judgment. This case is an insurance duty to defend and duty to indemnify case. In the underlying action, Copeland Corporation accused Bradleys' Electric, Inc. of violating several of its patents. Bradleys' Electric sells "DISCUS" repair part kits for the repair of the valve plate assemblies of compressors patented and sold by Copeland. Copeland charged that Bradleys' Electric was a contributory patent infringer because these repair kits may be used by purchasing customers to remanufacture Copeland compressors. Bradleys' Electric sought coverage from its primary insurance carrier, Cigna Lloyds Insurance Company, under the advertising injury provision of its insurance contract. Cigna Lloyds refused to cover Bradleys' Electric's claim and filed a declaratory judgment action in a Harris County district court. Bradleys' Electric filed a counterclaim, arguing that Cigna Lloyds has a duty to defend and a duty to indemnify it against damages. Bradleys' Electric also filed a third party petition joining its umbrella insurance carriers, United National Insurance Company and Texas Pacific Indemnity Company. Bradleys' Electric also successfully challenged venue in Harris County.

After a transfer of venue from Harris to Nueces County, the trial court granted Bradleys' Electric's motion for summary judgment against all three insurance companies on the grounds that the advertising injury section of the insurance contracts covered patent infringement claims. The insurance companies appealed, raising two points of error. First, they challenged the trial court's judgment that they had a duty to defend Bradleys' Electric in the underlying patent infringement suit. Second, they challenged the transfer of venue from the Harris County district court. The first point would result in a rendition of judgment in their favor, while the second would result in a remand in their favor.

In its initial opinion, the court of appeals reversed the judgment of the trial court and rendered judgment for the insurance companies, holding that the advertising injury sections of the insurance policies did not cover patent infringement claims. On Bradleys' Electric's motion for rehearing, which did not raise the venue issue, the court of appeals withdrew its original opinion and reversed and remanded the case to Harris County, holding that the venue transfer was erroneous. 993 S.W.2d 673. Both parties filed petitions for review in

this Court. Bradleys' Electric argued that the court of appeals erred in remanding the case to Harris County and prayed that its summary judgment be reinstated. The insurance companies argued that the court of appeals erred by failing to consider the coverage issue first and, after such consideration, by failing to render judgment for the insurance companies. Both Bradleys' Electric and the insurance companies petitioned this Court for consideration of the insurance coverage issue.

 Texas Rule of Appellate Procedure 43.3 states that "[w]hen reversing a trial court's judgment, the court [of appeals] must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial." TEX. R.APP. P. 43.3. The court of appeals in this case vacated its opinion on the rendition issue of insurance coverage and rendered judgment remanding the case because of a venue error. 993 S.W.2d at 676. The court of appeals specifically stated that it did not consider the insurance companies' rendition points of error. 993 S.W.2d at 677. We conclude that the court of appeals erred by not deciding the rendition issue before the remand issue. Generally, when a party presents multiple grounds for reversal of a judgment on appeal, the appellate court should first address those points that would afford the party the greatest relief. Rule 43.3 incorporates this principle. See TEX.R.APP. P. 43.3. And, we have held that the precursors of Rule 43.3 are mandatory and that courts of appeals are not at liberty to disregard them. See Lone Star Gas Co. v. Railroad Comm'n, 767 S.W.2d 709, 710–11 (Tex.1989) (per curiam) (considering former Texas Rules of Appellate Procedure 81(c) and 90(a)). In this situation, the proper course is to remand the case to the court of appeals for a determination of the rendition issue. See id.

Accordingly, the Court grants Bradleys' Electric's, Cigna Lloyds', United National's, and Texas Pacific's petitions for review, and without hearing oral argument, see TEX.R.APP. P. 59.1, reverses the judgment of the court of appeals and remands the case to the court of appeals for further proceedings consistent with this opinion.