Builders Transport v. Grice Smith, et al









IN THE


TENTH COURT OF APPEALS


 



No. 10-01-00130-CV



 BUILDERS TRANSPORT, INC.,

 Appellant

 v.


 LORETTA YVETTE GRICE-SMITH,

 INDIVIDUALLY, AND AS THE REPRESENTATIVE

 OF THE ESTATE OF ROY CELL SMITH, JR.,

 DECEASED, ET AL.,

 Appellees

 



From the 165th District Court


Harris County, Texas


Trial Court # 96-58924


 


OPINION


 


 The surviving relatives of Roy Cell Smith, Jr. (collectively, "Appellees") filed a wrongful
death and survival action against Builders Transport, Inc. and its employee John Alfred Landry
for damages sustained after a semi owned by Builders Transport and driven by Landry
overturned, ejecting Smith who died as a result. A jury found in Appellees' favor and awarded
them $4.4 million in damages. Builders Transport (1) contends on appeal that there is no
evidence or factually insufficient evidence to support the verdict, that the court improperly
charged the jury on Appellees' theories of recovery, and that the jury's award of $1 million for
Smith's pain and mental anguish is excessive.

 Because Landry did not perfect an appeal, we will affirm the judgment as to Landry. See
Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450-51 (Tex. 1998) (per curiam). However,
because the charge failed to require the jury to determine the factual predicates necessary to
determine whether Builders Transport was negligent under the theories alleged and because the
charge failed to require the jury to determine whether Landry had actual or apparent authority
to invite Smith to ride with him, we will reverse the judgment with regard to Builders
Transport and remand this cause for a new trial.

FACTUAL BACKGROUND


 Landry applied for a job with Builders Transport in June 1995. Builders Transport hired
Landry after he completed Builders Transport's three-week driver training program and
obtained a commercial driver's license. Landry then completed a four-week on-the-job
training program, driving under the supervision of other company drivers.

 On the occasion in question, Landry was delivering a load of tires to a plant in Houston. 
When he arrived on a Saturday morning, he learned that the plant was closed for the weekend. 
He decided to visit his brother in Galveston. While there he came in contact with Smith, a
friend of his. Smith asked Landry to take him to Builders Transport's headquarters in Dallas
the following Monday so he could apply for a job. Smith also asked him to take Smith's friend
Anthony Henry. Although Landry knew that company policy prohibited drivers from
transporting passengers, he agreed to take Smith and Henry to Dallas after delivering the tires
to the plant in Houston.

 Landry consumed alcoholic beverages and narcotics over the course of the weekend. 
Henry saw Landry drinking a 40-ounce can of malt liquor shortly before they left Galveston. 
As they were leaving Galveston, the trailer came unhooked. While Landry reconnected the
trailer, he asked Smith and Henry to buy him another drink. They got him a 16-ounce malt
liquor which Landry drank as they drove to Houston.

 The semi overturned as Landry exited the interstate in Houston. Smith was ejected from
the cab when it overturned. The semi skidded on its side along a concrete retaining wall and a
guardrail for about 200 feet.

 The medical examiner opined that the trailer ran over Smith and mangled the lower part of
his body as it passed over. The medical examiner testified that Smith was conscious when he
was ejected from the cab and lost consciousness sometime thereafter.

 Landry pleaded guilty to intoxication manslaughter.

PROCEDURAL BACKGROUND


 Smith's wife Loretta Yvette Grice-Smith filed a wrongful death and survival action against
Builders Transport and Landry in her individual capacity, as representative of his estate, and as
next friend for their three minor children. Smith's parents and the mother of his fourth child
were also plaintiffs. Appellees alleged that Builders Transport was vicariously liable for
Landry's negligence under the theory of respondeat superior. Appellees alleged that Builders
Transport was directly liable for its own negligence under theories of negligent hiring,
negligent training, negligent supervision, and negligent entrustment.

 The court directed a verdict in Appellees' favor on the question of Landry's negligence. 
The court submitted questions to the jury regarding: whether Landry was acting in the scope of
his employment on the occasion in question; whether the negligence of Builders Transport, if
any, was a proximate cause of the occurrence; whether Smith's negligence, if any, was a
proximate cause; the apportionment of responsibility among those found negligent; and
compensatory damages.

 The jury found that Landry was acting in the scope of his employment and that the
negligence of Builders Transport and of Smith were proximate causes of the occurrence. The
jury apportioned responsibility among Landry, Builders Transport, and Smith as follows:
Landry 55%; Builders Transport 30%; and Smith 15%. The jury awarded $1 million for
Smith's pain and mental anguish and for funeral and burial expenses. The jury awarded
$600,000 to Smith's wife and each of his four children for past and future damages. The jury
awarded $200,000 to each of Smith's parents for past and future damages.

NEGLIGENCE


 Builders Transport contends in its third through sixth issues respectively that there is no
evidence or factually insufficient evidence to support the jury's finding of negligence under
Appellees' theories of negligent hiring, negligent training, negligent supervision, and negligent
entrustment. (2) Because the trial court submitted a broad-form negligence question, the verdict
must be upheld against a sufficiency challenge if the record contains sufficient evidence to
support a finding on any one of these theories. See Prudential Ins. Co. v. Jefferson Assocs.,
Ltd., 896 S.W.2d 156, 160 (Tex. 1995); In re C.N.S., 105 S.W.3d 104, 105 (Tex.
App.--Waco 2003, no pet.).

 Builders Transport argues in its fourth issue that there is no evidence or factually
insufficient evidence to support the jury's finding that it was negligent in training Landry. 
Because we conclude that the record contains some evidence and factually sufficient evidence
to support the jury's finding under this negligence theory, we do not address Builders
Transport's third, fifth, and sixth issues. Id.

Standard of Review


 When we decide a "no evidence" point, "we consider all the evidence in the light most
favorable to the prevailing party, indulging every reasonable inference in that party's favor." 
Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998);
Honda of Am. Mfg., Inc. v. Norman, 104 S.W.3d 600, 604 (Tex. App.--Houston [1st Dist.]
2003, pet. denied); Burleson St. Bank v. Plunkett, 27 S.W.3d 605, 612 (Tex. App.--Waco
2000, pet. denied). We will sustain a no evidence point if: (a) there is a complete absence of
evidence of a vital fact; (b) we are barred by rules of law or evidence from giving weight to
the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is
no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the
vital fact. Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). "More than a
scintilla of evidence exists if the evidence furnishes some reasonable basis for differing
conclusions by reasonable minds about a vital fact's existence." Minyard Food Stores, Inc. v.
Goodman, 80 S.W.3d 573, 577 (Tex. 2002).

 A factual sufficiency issue requires us to determine whether the challenged "finding is so
against the great weight and preponderance of the evidence that it is manifestly unjust, shocks
the conscience, or clearly demonstrates bias." In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).

Application


 Landry's trainer James Alexander had only a weekend course to prepare for being a
trainer. Alexander had never "failed" a trainee, although an unspecified number of his
trainees were subsequently terminated for "carelessness" after they had accidents. Landry
testified that Alexander released him from training when Landry told Alexander he was ready,
from which a rational juror might infer that Alexander allowed Landry to decide when he had
received adequate training. 

 According to Builders Transport policy, only the terminal manager can formally release an
employee to drive solo. The terminal manager did not release Landry to drive solo until ten
days after the fatal accident. Despite Builders Transport's protestations to the contrary, a
rational juror could interpret this to mean the terminal manager did not believe Landry had
received adequate training to drive solo until ten days after the occurrence in question. 
Landry's brother testified that Landry told him he failed the backing portion of his driving test
three times, from which a rational juror might infer that Landry never received adequate
training for this driving skill.

 This constitutes more than a scintilla of evidence that Landry received inadequate training
which was a proximate cause of the occurrence in question. See Minyard Food Stores, 80
S.W.3d at 577.

 Other evidence in the record tends to contradict the jury's finding. Alexander testified that
his qualifications to train drivers included not only the weekend course but also his years of
experience as a driver for Builders Transport and for his previous employer. Alexander
explained that on several occasions he had required trainees to continue their training beyond
the usual thirty days because they were not ready to be released. Landry explained that a
trainer typically released a trainee only when the trainee felt comfortable and the trainer
believed the trainee was ready, thus discounting any inference from Landry's testimony that
Alexander released him from training only because Landry told Alexander he was ready. 
Landry's evaluation forms indicated that he was "satisfactory" in the area of backing, which
discounts his brother's testimony that he had failed this part of the driving test three times.

 Although the record contains some evidence which contradicts the jury's verdict on
Appellees' negligent training theory, we cannot agree that the jury's verdict "is so against the
great weight and preponderance of the evidence that it is manifestly unjust, shocks the
conscience, or clearly demonstrates bias." See C.H., 89 S.W.3d at 25. Accordingly, we
overrule Builders Transport's fourth issue.

NEGLIGENCE CHARGE


 Builders Transport contends in its second issue that the court erred by failing to include an
instruction in the charge that Builders Transport could be found liable under Appellees'
negligence theories only if the jury found that Builders Transport knew or should have known
that Landry was an incompetent driver. However, because Appellees' negligence theories do
not all require a finding on this factual predicate, we will sustain Builders Transport's second
issue only in part.

 Appellees contend that Builders Transport failed to preserve this issue for appellate review
because its trial objections do not comport with its appellate complaint and because the
proposed instruction it submitted to the trial court is not "substantially correct." Appellees
further contend that the negligence question and accompanying instructions and definitions
were correct as submitted.

 Appellees are correct that Builders Transport's trial objection (3) does not comport with the
appellate complaint. Thus, the objection did not preserve this issue for our review. See
Rogers v. Stell, 835 S.W.2d 100, 101 (Tex. 1992) (per curiam); Hoxie Implement Co. v.
Baker, 65 S.W.3d 140, 151 (Tex. App.--Amarillo 2001, pet. denied).

 Builders Transport submitted a written request that the trial court include the following
instruction in the charge in connection with the negligence question:

 As to Builders Transport, Inc., "negligence" means hiring or retaining in its employ
an incompetent employee whom it knew, or by the exercise of reasonable care, should
have known was incompetent, and thereby creating an unreasonable risk of harm to
others.


 Several appellate courts have held that the type of negligence theories alleged by Appellees
require a finding that the employer knew or should have known that the employee in question
was incompetent. E.g. Rosell v. Central W. Motor Stages, Inc., 89 S.W.3d 643, 653-56 & n.6
(Tex. App.--Dallas 2002, pet. denied); Morris v. JTM Materials, Inc., 78 S.W.3d 28, 49
(Tex. App.--Fort Worth 2002, no pet.); Robertson v. Church of God, Intl., 978 S.W.2d 120,
124 (Tex. App.--Tyler 1997, pet. denied); Est. of Arrington v. Fields, 578 S.W.2d 173, 178
(Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.). Because these authorities support the
submission of Builders Transport's proposed instruction, we conclude that this issue has been
adequately preserved. See Tex. Dept. of Human Servs. v. Hinds, 904 S.W.2d 629, 637-38
(Tex. 1995). However, the proposed instruction is not a substantially correct statement of law
as to all of Appellees' negligence theories.

 As stated, Appellees allege that Builders Transport is liable under theories of negligent
hiring, negligent training, negligent supervision, and negligent entrustment. Negligent
entrustment is generally treated as a separate cause of action. The parties do not dispute that a
negligent entrustment claim requires a finding that the defendant knew or should have known
that the person to whom it was entrusting a vehicle was a reckless or incompetent driver. See
Williams v. Steves Indus., Inc., 699 S.W.2d 570, 571 (Tex. 1985); Rosell, 89 S.W.3d at 655. 
Builders Transport contends that its proposed instruction applies not only to the negligent
entrustment theory but also to Appellees' other negligence theories.

 The Supreme Court and other intermediate courts have consistently held that an employer
can be held liable under most of the other negligence theories pleaded by Appellees only on a
finding that the employer knew or should have known that its employee was incompetent. See
Williams, 699 S.W.2d at 571; Rosell, 89 S.W.3d at 653-56 & n.6; Morris, 78 S.W.3d at 49;
Robertson, 978 S.W.2d at 124; Est. of Arrington, 578 S.W.2d at 178. Thus, it would appear
that Builders Transport's contention is correct.

 However, Appellees allege two theories of negligent training: (1) that Builders Transport
failed to provide proper training to its drivers (including Landry); and (2) that Builders
Transport released Landry from training before he was ready. The "knew-or-should-have-known" requirement applies to the latter but not the former. The former allegation concerns
Builders driver training program generally. The latter concerns whether Builders Transport
knew or should have known that Landry was ready to be released from training. Cf. id.

 The former allegation is in effect a negligent undertaking claim, even though Appellees do
not use that particular terminology to describe it. Section 324A of the Restatement (Second) of
Torts describes when liability to a third party may arise from a negligent undertaking.

 One who undertakes, gratuitously or for consideration, to render services to another
which he should recognize as necessary for the protection of a third person or his
things, is subject to liability to the third person for physical harm resulting from his
failure to exercise reasonable care to protect his undertaking, if


 (a) his failure to exercise reasonable care increases the risk of such harm, or


 (b) he has undertaken to perform a duty owed by the other to the third person, or


 (c) the harm is suffered because of reliance of the other or the third person upon the
undertaking.


Restatement (Second) of Torts § 324A (1965). Texas courts have adopted section 324A of the
Restatement. See Coastal Corp. v. Torres, 133 S.W.3d 776, 780 & n.5 (Tex. App.--Corpus
Christi 2004, pet. filed); Seay v. Travelers Indem. Co., 730 S.W.2d 774, 776-77 (Tex.
App.--Dallas 1987, no writ); accord Torrington Co. v. Stutzman, 46 S.W.3d 829, 837-38
(Tex. 2000).

 Here, Builders Transport can be held liable under the first of Appellees' negligent training
allegations only if: (1) Builders Transport knew or should have known that its driver training
program was necessary to protect others; (2) Builders Transport failed to exercise reasonable
care in training its drivers; and (3) Builders Transport's failure to do so increased the risk of
harm to Smith. See Coastal Corp., 133 S.W.3d at 780 & n.5; Restatement (Second) of Torts §
324A; accord Torrington Co., 46 S.W.3d at 838-39.

 Because of the trial court's failure to include additional instructions regarding these
predicate facts with the negligence question, Builders Transport contends that the jury's
negligence finding is immaterial and requests rendition of judgment in its favor. See
Torrington Co., 46 S.W.3d at 840. However, because it has been necessary for this Court to
clarify the manner in which Appellees' negligence claim should be submitted, we will remand
in the interest of justice. Id. at 840-41. Accordingly, we sustain Builders Transport's second
issue in part.

VICARIOUS LIABILITY


 Builders Transport argues in its first issue that there is no evidence to support the jury's
finding that Landry was acting in the course and scope of his employment because Builders
Transport's policies prohibited drivers from transporting unauthorized passengers. Builders
Transport claims in the alternative that the court erred by failing to instruct the jury on the
"unauthorized passenger rule." We conclude that the record contains some evidence to
support the jury's finding but that the court did not properly instruct the jury because it failed
to submit a question inquiring whether Landry had actual or apparent authority to invite Smith
to ride. 

Applicable Law


 Resolution of this issue lies at the intersection of three settled principles: (1) an employer
is liable for the torts of its employee committed while acting within the scope of employment;
(2) a property owner owes a limited duty of care to a trespasser; and (3) an agent's
representations to a third party are binding on the agent's principal when made with actual or
apparent authority.

 The Supreme Court determined more than a century ago that an employer is liable for the
torts of its employee committed while acting within the scope of employment, "although [the
employer] may have expressly forbidden the particular act." Intl. & Great N. R.R. v.
Anderson, 82 Tex. 516, 520, 17 S.W. 1039, 1040 (1891). The principle that an employer can
be liable for the acts of an employee done in violation of the employer's policies still obtains. 
E.g., G. T. Mgt., Inc. v. Gonzalez, 106 S.W.3d 880, 884 (Tex. App.--Dallas 2003, no pet.);
Fontenot Petro-Chem & Marine Servs., Inc. v. LaBono, 993 S.W.2d 455, 460 (Tex.
App.--Corpus Christi 1999, pet. denied).

 The actions of an agent or employee are binding on a principal or employer when those
actions are performed with actual or apparent authority. See Celtic Life Ins. Co. v. Coats, 885
S.W.2d 96, 98 (Tex. 1994); Ebner v. First St. Bank of Smithville, 27 S.W.3d 287, 300 (Tex.
App.--Austin 2000, pet. denied). Actual authority is authority which the principal
intentionally confers on the agent or permits the agent to believe has been conferred. Ebner,
27 S.W.3d at 300; Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (Tex.
App.--San Antonio 1998, pet. dism'd w.o.j.). Actual authority has also been defined as
authority which "is created by written or spoken words or conduct by the principal to the
agent." McWhorter v. Sheller, 993 S.W.2d 781, 786 (Tex. App.--Houston [14th Dist.] 1999,
pet. denied).

 Apparent authority arises:

 either from a principal knowingly permitting an agent to hold herself out as having
authority or by a principal's actions which lack such ordinary care as to clothe an
agent with the indicia of authority, thus leading a reasonably prudent person to believe
that the agent has the authority she purports to exercise . . . .


 A prerequisite to a proper finding of apparent authority is evidence of conduct by
the principal relied upon by the party asserting the estoppel defense which would lead
a reasonably prudent person to believe an agent had authority to so act.


Baptist Meml. Hosp. Sys. v. Sampson, 969 S.W.2d 945, 949 (Tex. 1998); accord Ebner, 27
S.W.3d at 300-01; McDuff v. Chambers, 895 S.W.2d 492, 498 (Tex. App.--Waco 1995, writ
denied).

 Finally, a property owner owes a limited duty of care to a trespasser. The only duty an
owner owes a trespasser is "to refrain from causing injury willfully, wantonly, or through
gross negligence." City of Bellmead v. Torres, 89 S.W.3d 611, 613 (Tex. 2002). This same
duty applies to owners of both real and personal property. Williams v. Bill's Custom Fit, Inc.,
821 S.W.2d 432, 433 (Tex. App.--Waco 1991, no writ).

 Section 242 of the Restatement (Second) of Agency encapsulates these three settled
principles as they apply here:

 A master is not subject to liability for the conduct of a servant towards a person
harmed as the result of accepting or soliciting from the servant an invitation, not
binding upon the master, to enter or remain upon the master's premises or vehicle,
although the conduct which immediately causes the harm is within the scope of the
servant's employment.


Restatement (Second) of Agency § 242 (1958).

 This Court applied this principle in a similar case predating the Restatement. See Thomas
v. S. Lumber Co., 181 S.W.2d 111, 114-15 (Tex. Civ. App.--Waco 1944, no writ); see also
Kirklin v. Stand. Coffee Co., 114 S.W.2d 263, 264-65 (Tex. Civ. App.--Dallas 1938, no
writ); Magnolia Petroleum Co. v. Winkler, 40 S.W.2d 831, 832-34 (Tex. Civ. App.--Eastland
1931, no writ). If, as Builders Transport alleges, Landry did not have actual or apparent
authority to invite Smith to ride, then the only duty Builders Transport owed Smith was "to
refrain from causing [him] injury willfully, wantonly, or through gross negligence." See
Williams, 821 S.W.2d at 434; Thomas, 181 S.W.2d at 114-15.

 Appellees contend that this approach has been expressly rejected by the Fourteenth Court
of Appeals in J.V. Harrison Truck Lines, Inc. v. Larson. 663 S.W.2d 37 (Tex. App.--
Houston [14th Dist.] 1983, writ ref'd n.r.e.). In that case, a truck driver invited a friend to
ride with him from Houston to Dallas to deliver three large coils of pressed steel, each
weighing between 17,000 and 19,000 pounds. As the driver attempted to unload the coils, one
of them rolled off the trailer and fell upon the friend, killing her. Id. at 39-40. 

 The truck company argued on appeal that the trial court should have submitted an issue to
the jury on the issue of whether the driver was authorized to accept riders. The Fourteenth
Court concluded that the "unauthorized passenger rule" did not apply in that case because the
friend did not receive the fatal injuries while riding in the truck but rather during the unloading
of the truck. Id. at 40-41. 

 Here conversely, Smith suffered his fatal injuries while riding in the truck. Accordingly,
the reasoning of J.V. Harrison Truck Lines does not apply.

The "No Evidence" Claim


 Here, the parties do not dispute that Landry was acting in the course and scope of his
employment insofar as he was delivering a load of tires to a plant in Houston. Nor do the
parties dispute that Builders Transport had a policy prohibiting drivers from transporting
passengers. Therefore, the vicarious liability of Builders Transport for Landry's negligence
turns on whether Landry had actual or apparent authority to invite Smith to ride with him.

 However, Builders Transport's first issue challenges only the jury's finding that Landry
was acting in the course and scope of his employment on the occasion in question. The fact
that Landry was performing his duties in a manner contrary to his employer's instructions does
not mean that he was acting outside the course and scope of his employment. See Intl. &
Great N. R.R., 82 Tex. at 520, 17 S.W. at 1040; G. T. Mgt., 106 S.W.3d at 884; Fontenot
Petro-Chem & Marine Servs., 993 S.W.2d at 460. Thus, we conclude that the record contains
more than a scintilla of evidence to support the challenged finding. See Minyard Food Stores,
80 S.W.3d at 577. We likewise conclude that the challenged finding is not "so against the
great weight and preponderance of the evidence that it is manifestly unjust, shocks the
conscience, or clearly demonstrates bias." See C.H., 89 S.W.3d at 25.

The Charge


 Builders Transport contends in the alternative that the trial court erred by denying its
requested jury instruction on the "unauthorized passenger rule." Appellees respond that
Builders Transport failed to properly preserve this issue for our review because it did not
object to the omission of this instruction from the charge.

 The instruction requested by Builders Transport would have instructed the jury that an
employee is not acting within the scope of his employment if he permits another to ride in the
employer's vehicle even though the employer prohibits this and has not otherwise authorized
the employee to permit another to ride in the vehicle.

 An objection preserves for appellate review any error contained in the court's charge as
submitted. Tex. R. Civ. P. 272; Religious of the Sacred Heart v. City of Houston, 836
S.W.2d 606, 613-14 (Tex. 1992); In re A.A.B., 110 S.W.3d 553, 557 (Tex. App.--Waco
2003, no pet.); Johnson v. Johnson, 869 S.W.2d 490, 492 (Tex. App.--Eastland 1993, writ
denied). A question is defective as submitted if it seeks a finding on a recognized cause of
action but does so without limiting instructions or other questions which properly restrict the
question to the facts and law applicable to the case. See S.E. Pipe Line Co. v. Tichacek, 997
S.W.2d 166, 172 (Tex. 1999); Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157
(Tex. 1994).

 Builders Transport objected to the question regarding its own negligence (Question No. 2)
because the question failed to account for Builders Transport's contention that Smith was a
mere trespasser and thus its only duty to Smith was to not cause him injury intentionally or
with gross negligence. In response, the court referred Builders Transport back to the scope-of-employment question (Question No. 1), which, in the court's mind, resolved the issue of
whether Smith was a trespasser. In reply, Builders Transport stated its disagreement with the
court's understanding of this issue.

 Question No. 1 as submitted was defective because it failed to include appropriate
instructions regarding Landry's authority. Therefore, the objections raised by Builders
Transport with regard to Questions No. 1 and 2 preserved error. See S.E. Pipe Line Co., 997
S.W.2d at 172-73; Spencer, 876 S.W.2d at 157. Because the charge erroneously failed to
inquire whether Landry had actual or apparent authority to invite Smith to ride, we must
determine whether this error harmed Builders Transport.

 The jury apportioned fifty-five percent (55%) of the responsibility for Smith's death to
Landry's negligence, thirty percent (30%) to the negligence of Builders Transport, and fifteen
percent (15%) to Smith's own negligence. Based on the findings that Landry was acting in the
scope of his employment and that Builders Transport was itself negligent, the judgment
requires Builders Transport to pay eighty-five percent (85%) of the damages awarded by the
jury. In view of the scant evidence that Landry had actual or apparent authority to invite Smith
to ride, the erroneous charge "probably caused the rendition of an improper judgment" insofar
as the judgment required Builders Transport to pay the fifty-five percent (55%) of the recovery
attributable to Landry's negligence. See Tex. R. App. P. 44.1(a)(1); Harris County v. Smith,
96 S.W.3d 230, 234-35 (Tex. 2002).

 As with the errors in the court's charge with regard to Appellees' negligence theories, the
error here made the jury's finding on scope of employment immaterial. Thus, we could render
judgment in Builders Transport's favor. See Torrington Co., 46 S.W.3d at 840. However,
because it has been necessary for this Court to clarify the manner in which Appellees'
vicarious liability claim should be submitted, we will remand in the interest of justice. Id. at
840-41.

 Accordingly, we sustain Builders Transport's first issue.


CONCLUSION


 Because of our disposition of Builders Transport's first, second, and fourth issues, we
need not address the remainder of the issues presented. Because Landry did not perfect an
appeal, we affirm the judgment as to him. We reverse the judgment in all other respects and
remand this cause to the trial court for further proceedings consistent with this opinion.


 FELIPE REYNA

 Justice



Before Chief Justice Gray,

 Justice Vance, and

 Justice Reyna

 (Chief Justice Gray dissenting)

Affirmed in part,

reversed and remanded in part

Opinion delivered and filed November 3, 2004

[CV06]
1. Landry did not perfect an appeal.
2. Even though, as previously stated, we will reverse because of charge error, we must first address at least one
of Builders Transport's "no evidence" issues because an affirmative finding thereon would afford Builders Transport
the greatest relief. See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co., 995 S.W.2d 675, 677 (Tex. 1999) (per curiam).
3. Builders Transport objected to the submission of the negligence question on the basis that: (1) it could be found
liable only under a theory of gross negligence because Smith was a trespasser; and (2) Appellees presented no evidence
or factually insufficient evidence to warrant submission of the question.