In The 



Court of Appeals



Ninth District of Texas at Beaumont


__________________



NO. 09-08-00536-CV


_______________________



IN THE INTEREST OF J.S., B.I. AND Y.C.






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 28203






MEMORANDUM OPINION


 After a jury trial, the trial court terminated the parent-child relationship between
appellant father and appellant mother and their minor child Y.C., and denied the mother
access or possession to her children J.S. and B.I. The parents raise seven issues on appeal. 

 Appellants did not have an attorney at trial; they represented themselves pro se. On
appeal, three of their issues concern the lack of an attorney at trial. The Department of
Family and Protective Services concedes error and asks that we reverse and remand for a new
trial.

 We address the rendition issues raised by appellants first, because if sustained the
issues would provide greater relief than a remand. See Bradleys' Elec., Inc. v. Cigna Lloyds
Ins. Co., 995 S.W.2d 675, 677 (Tex. 1999) ("Generally, when a party presents multiple
grounds for reversal of a judgment on appeal, the appellate court should first address those
points that would afford the party the greatest relief."). After a review of the record, we
overrule the rendition points raised by appellants, and reverse the judgment on the issues
raising deprivation of counsel at trial. The case is remanded for a new trial.

Legal Sufficiency


 In the rendition issues, appellants challenge the legal sufficiency of the evidence to
support the trial court's termination of their parental rights to Y.C. To terminate parental
rights, the trial court must find that the parent committed one of the acts prohibited under
section 161.001(1) of the Family Code and that termination is in the child's best interest. In
the Interest of J.L., 163 S.W.3d 79, 84 (Tex. 2005). Based on the jury's verdict, the trial
court found that the Department established the best interest prong, and that appellants had
committed the following acts prohibited under section 161.001 of the Family Code: 
knowingly placed or knowingly allowed Y.C. to remain in conditions or surroundings which
endangered Y.C.'s emotional or physical well-being; and engaged in conduct or knowingly
placed Y.C. with persons who engaged in conduct which endangered Y.C.'s physical or
emotional well-being. See Tex. Fam. Code Ann. 161.001(1)(D), (E) (Vernon 2008). 

 Ten year old B.I., the stepdaughter of the appellant D.C. and daughter of appellant
V.C., lived in appellants' home along with her half-brother J.S. and half-sister Y.C.,
appellants' daughter. B. I. made an outcry to the school counselor, who reported the outcry
to the police. There was evidence from a police officer, employees of Child Protective
Services, licensed professional counselors, and a psychologist regarding B. I.'s allegations
of sexual abuse by her stepfather. Apparently, appellant stepfather was arrested for the
offense, but that the charge was later rejected and not presented to the grand jury. The
District Attorney testified the "rejected" charge did not necessarily mean appellant stepfather
would not later be charged with a crime. There was testimony appellant mother doubted that
B.I. was telling the truth and that the mother pressured B.I. to recant her allegations;
however, the child would not do so. There is also some evidence presented that the mother
was not concerned about B.I.'s mental or emotional condition as a result of the alleged sexual
abuse, and that the mother emotionally abused B.I. 

 Appellants presented evidence from their neighbors, friends, and D.C.'s fellow
employee. All testified that appellant D.C. would not have committed the alleged acts
against B.I. and that they trusted their own children or grandchildren with him. D.C. denied
any sexual abuse of B.I. There was evidence the appellants had complied with CPS's
psychological testing requirements and had successfully completed a parent training class. 

 Various witnesses testified that -- because of appellant D.C.'s conduct toward B.I. and
the risk of such conduct being perpetrated on Y.C. if she remained in the home -- it was in
the best interest of Y.C. to have appellants' parental rights terminated. J.S. and B.I. testified
they felt it was in Y.C.'s best interest for appellants' parental rights to be terminated to Y.C.,
but J.S. and B.I. did not want their mother's parental rights to them terminated. 

 The decision to terminate parental rights must be supported by clear and convincing
evidence. In the Interest of J.A.J, 243 S.W.3d 611, 616 (Tex. 2007). To be legally sufficient,
under the clear and convincing standard, the evidence must be such that "a factfinder could
reasonably form a firm belief or conviction about the truth" of the allegation. In the Interest
of J.F.C., 96 S.W.3d 256, 264 (Tex. 2002); see also Sw. Bell Tel. Co. v. Garza, 164 S.W.3d
607, 621 (Tex. 2004). An appellate court looks at all of the evidence, not just that which
favors the verdict. In the Interest of J.P.B., 180 S.W.3d 570, 573 (Tex. 2005) (citing City of
Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005)). 

 A parent's actions or inactions endangering the other parent or even another child
"can sufficiently support the termination of parental rights to the child before the court." In
the Interest of W.J.H., 111 S.W.3d 707, 716 (Tex. App.--Fort Worth 2003, pet. denied),
superseded by statute on other grounds, In the Interest of D.A.R., 201 S.W.3d 229, 230 (Tex.
App.--Fort Worth 2006, no. pet.). "While the child's presence during the parent's violent or
neglectful conduct directed at the other parent or siblings is evidence of [the child's]
endangerment, his presence is not necessary for the endangerment finding to be upheld." Id. 
(footnote omitted); see also In the Interest of J.M., No. 2-08-259-CV, 2009 WL 112679, at
*3 (Tex. App.--Fort Worth Jan. 15, 2009, no pet. h.) ("Inappropriate, abusive, or unlawful
conduct by persons who live in the child's home or with whom the child is compelled to
associate on a regular basis in [her] home is a part of the 'conditions or surroundings' of the
child's home under section 161.001(1)(D).") (quoting In the Interest of J.L.W., No. 02-08-00179-CV, 2008 WL 4937970, at *6 (Tex. App.--Fort Worth Nov. 20, 2008, no pet.) (mem.
op.)). 

 The Texas Supreme Court recently reiterated that "endangering conduct is not limited
to actions directed towards the child." In the Interest of J.O.A., No. 08-0379, 2009 WL
1165303, at *7 (Tex. May 1, 2009) (citing Tex. Dep't of Human Servs. v. Boyd, 727 S.W.2d
531, 533 (Tex. 1987)). A child is endangered when the environment or the parent's course
of conduct creates a potential danger that the parent is aware of but disregards. See In the
Interest of S.M.L., 171 S.W.3d 472, 477 (Tex. App.--Houston [14th Dist.] 2005, no pet.). 
 Here, there is evidence in this record that appellant D.C. engaged in endangering
conduct with a child in the home and that appellant V.C. knew of the allegations, did nothing
to protect the child and offered no emotional support to the child. The evidence on this
record is legally sufficient, under a clear and convincing standard, to support the challenged
findings. We overrule issues 4, 5, 6, and 7. We need not address the factual sufficiency
challenge, because a remand under those issues would afford appellants no greater relief than
our disposition relating to deprivation of counsel. 


Lack of Counsel


 Appellants challenge the lack of counsel at trial. Appellants appeared pro se at trial. 
After the trial court terminated their parental rights, they filed a hand-written notice of
appeal. Appellants have counsel on appeal. 

 Appellant D.C. retained an attorney to represent him in the criminal case relating to
B.I.'s allegations; he also retained the same attorney to represent Y.C.'s mother and himself
in the parental termination case. After the attorney was employed as an assistant district
attorney, she was unable to provide further representation to appellants. Appellants then
retained another attorney to represent them in the parental termination proceeding. Four
months prior to trial, the trial court granted the second attorney's motion to withdraw as
counsel. The next day, Y.C.'s father filed a "Sworn Statement of Indigency" stating that he
and Y.C.'s mother were unable to afford an attorney in the parental termination case; the
affidavit requested appointment of counsel. The affidavit states the value of their assets and
property, the amount and source of their income, and their monthly debt payments and
income.

 Section 107.013(a)(1) of the Texas Family Code guarantees indigent parents a right
to counsel in a government-initiated parental rights termination case. See Tex. Fam. Code
Ann. § 107.013 (Vernon 2008); In the Interest of J.O.A., 2009 WL 1165303, at **2-3 & n.3;
In the Interest of B.L.D., 113 S.W.3d 340, 346 (Tex. 2003). Section 107.013(d) requires that
a parent claiming indigence under the statute must file "an affidavit of indigence in
accordance with Rule 145(b) of the Texas Rules of Civil Procedure before the court can
conduct a hearing to determine the parent's indigence under this section." Appellant D.C.,
Y.C.'s father, filed an affidavit of indigence on behalf of himself and Y.C.'s mother. See
Tex. R. Civ. P. 145. It is undisputed that appellants contested the termination of their
parental rights to Y.C.; the mother also contested the termination (sought by the Texas
Department of Family and Protective Services) of her parental rights to J.S. and B.I. The
clerk's record does not contain an order denying the request for an attorney to represent the
parents in the termination case; the clerk's record also does not contain any indication that
a hearing was held prior to trial on the indigence claim.

 The Department concedes error. The United States Supreme Court has recognized
that the interest of parents in the care, custody, and control of their children "is perhaps the
oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville,
530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). "In contrast to loss of custody,
which does not sever the parent-child bond, parental status termination is 'irretrievably
destructive' of the most fundamental family relationship." M.L.B. v. S.L.J., 519 U.S. 102,
121, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (quoting Santosky v. Kramer, 455 U.S. 745, 753,
102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). The trial court erred in failing to conduct a hearing
on appellants' claim of indigence and their request for an attorney to represent them at trial,
and in failing to appoint an attorney to represent them in the termination of parental rights
suit. We sustain appellants' issues concerning the failure to appoint counsel to represent
them at trial. See In the Interest of M.J.M.L., 31 S.W.3d 347, 354 (Tex. App.--San Antonio
2000, pet. denied) ("Complete failure of a trial court to appoint counsel for indigent parents
constitutes reversible error."). 

 Appellants and the Department ask that the case be remanded for a new trial. We
reverse the judgment and remand the case to the trial court for a new trial.

 REVERSED AND REMANDED. 

 _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on June 10, 2009 

Opinion Delivered July 16, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.