ACCEPTED
03-13-00101-CV
6067747
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/14/2015 6:09:49 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00101-CV

# IN THE COURT OF APPEALS
## FOR THE THIRD COURT OF APPEALS DISTRICT
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/14/2015 6:09:49 PM
JEFFREY D. KYLE
Clerk

RENT-A-CENTER, INC.,

APPELLANT

V.

GLEN HEGAR, in his capacity as
COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS;
and
KEN PAXTON, in his capacity as
ATTORNEY GENERAL OF THE STATE OF TEXAS,

APPELLEES

On Appeal from the
250th Judicial District Court
Travis County, Texas

## APPELLANT'S REPLY IN SUPPORT OF ITS MOTION FOR REHEARING

Daniel L. Butcher
State Bar No. 03512050
P. Michael Jung
State Bar No. 11054600
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202-3794

Farley P. Katz
State Bar No. 11108790
Forrest M. (Teo) Seger III
State Bar No. 24070587
Strasburger & Price LLP
2301 Broadway
San Antonio, Texas 78215
(210) 250-6000 Telephone
(210) 250-6100 Facsimile

ATTORNEYS FOR APPELLANT
(Additional Counsel on Signature
Page)

1898612.2/SPSA/67691/0102/071415

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

ARGUMENT .......................................................................................................... 2

CONCLUSION ....................................................................................................... 4

CERTIFICATE OF SERVICE ................................................................................. 6

CERTIFICATE OF COMPLIANCE ......................................................................... 6

1898612.2/SPSA/67691/0102/071415

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bradleys' Elec. v. Cigna Lloyds Ins. Co.,*
    995 S.W.2d 675 (Tex. 1999)..............................................................................2

*Chrismon v. Brown,*
    246 S.W.3d 102 (Tex. App. – Houston [14th Dist.] 2007, no pet.)............4

*Hawkins v. El Paso First Health Plans, Inc.,*
    214 S.W.3d 709 (Tex. App. — Austin 2007, pet. denied).......................4

*O'Carolan v. Hopper,*
    414 S.W.3d 288, 304 (Tex. App. — Austin 2013, no pet.) ......................4

*PUC of Tex. v. City of Harlingen,*
    311 S.W.3d 610 (Tex. App. — Austin 2010, no pet.) .............................3

## RULES

Tex. R. App. P.

    Rule 43.3 ................................................................................................2, 3

1898612.2/SPSA/67691/0102/071415

NO. 03-13-00101-CV

IN THE COURT OF APPEALS
FOR THE THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

RENT-A-CENTER, INC.,
APPELLANT

V.

GLEN HEGAR, in his capacity as
COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS;
and
KEN PAXTON, in his capacity as
ATTORNEY GENERAL OF THE STATE OF TEXAS,

APPELLEES

On Appeal from the
250th Judicial District Court
Travis County, Texas

APPELLANT'S REPLY IN SUPPORT OF ITS MOTION FOR REHEARING

Appellant Rent-A-Center, Inc. ("Rent-A-Center") respectfully files this

Reply in Support of its Motion for Rehearing.

1

## ARGUMENT

Texas Rule of Appellate Procedure 43.3 provides in relevant part that "[w]hen reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when ... a remand is necessary for further proceedings..."

Here the trial court ruled against Rent-A-Center as to whether it was primarily engaged in selling merchandise. As a result, the court did not reach the second issue, the total cost of goods sold, even though all the facts relevant to that issue were stipulated and undisputed.

The Comptroller concedes that the facts relating to cost of goods are undisputed and that the question presented is purely one of law. *See* Petition for Rehearing pp. 4-8 & 7 n. 2. He asserts, however, that in these circumstances Rule 43.3 nevertheless *requires* this Court to remand the case in order to permit the trial court to "address that question in the first instance." *See* Appellees' Response in Opposition to Appellant's Motion for Rehearing p. 2. In other words, the Comptroller argues that Rule 43.3 *prohibits* an appellate court that has reversed a trial court on an issue from going on to decide other issues that the trial court did not reach, even where those remaining issues are purely questions of law.

2

This turns Rule 43.3 on its head and is contrary to a multitude of appellate decisions. For example, *Bradleys' Elec. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675 (Tex. 1999), presented the question whether a "court of appeals erred by remanding [a] case to the trial court without considering and deciding an issue upon which it could have rendered judgment." *Id.* at 676. The Texas Supreme Court held that the remand violated Rule 43.3, and that the appellate court should have ruled on the issues presented "that would afford the party the greatest relief." *Id.* at 677. The Court noted that the requirements of Rule 43.3 "are mandatory and that courts of appeals are not at liberty to disregard them." *Id.*

Applying this principle, this Court has consistently held that under Rule 43.3, where it reverses, it will go on to rule on other issues involving purely legal questions and will not remand those to the trial court. For example, in *PUC of Tex. v. City of Harlingen*, 311 S.W.3d 610, 625-626 (Tex. App.—Austin 2010, no pet.), this Court stated:

> "When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial." Tex. R. App. P. 43.3. Given that the issue not decided by the district court is a question of law, we consider remand to the district court to be unnecessary, and we will rule on the issue so that we may render the judgment that the district court should have rendered.

3

Similarly, in *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 719-720 (Tex. App.—Austin 2007, pet. denied), this Court explained:

> If reversal is warranted, the material facts are established, and there are no further proceedings necessitating a remand, then this Court has a duty to render the judgment the trial court should have rendered. *See Rosen v. Wells Fargo Bank Tex., N.A.*, 114 S.W.3d 145, 149 (Tex. App.—Austin 2003, pet. filed); *McAllen Police Officer's Union v. Tamez*, 81 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2002, pet. dism'd) (citing Tex. R. App. P. 43.3); *City of Galveston v. Giles*, 902 S.W.2d 167, 172 (Tex. App.—Houston [1st Dist.] 1995, no writ).

It is only in circumstances where, for example, a party did not have an "opportunity to present evidence" that remand may be necessary. *O'Carolan v. Hopper*, 414 S.W. 3d 288, 304 (Tex. App.—Austin 2013, no pet.).

The sole case cited by the Comptroller, *Chrismon v. Brown*, 246 S.W.3d 102 (Tex. App.—Houston [14th Dist.] 2007, no pet.), simply held that a court of appeals cannot reverse a decision that is not in error, an indisputable proposition having nothing to do with this issue.

## CONCLUSION

For the reasons set forth in the Motion for Rehearing and above, this Court should rule that Rent-A-Center's cost of goods sold is original cost not reduced by depreciation taken on its federal tax return.[1]  The

---

[1] Although Rent-A-Center suggested that the Court might remand the case for the limited purpose of calculating the amount of the refund due it (Petition for Rehearing

4

1898612.2/SPSA/67691/0102/071415

Comptroller has offered no argument against that proposition in its Brief on Appeal or in its Response to Rent-A-Center's Motion for Rehearing, tacitly conceding that it is correct.

<div style="margin-left:40%">

Respectfully submitted,

Daniel L. Butcher
State Bar No: 03512050
dan.butcher@strasburger.com
P. Michael Jung
State Bar No. 11054600
michael.jung@strasburger.com
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202-3794

/s/ Farley P. Katz
Farley P. Katz
State Bar No. 11108790
farley.katz@strasburger.com
Forrest M. (Teo) Seger III
State Bar No. 24070587
teo.seger@strasburger.com
Strasburger & Price, LLP
2301 Broadway
San Antonio, Texas 78215
(210) 250-6000 Telephone
(210) 250-6100 Facsimile

And

Robert M. O'Boyle
State Bar No. 15165425
bob.oboyle@strasburger.com
Clinton A. Rosenthal

</div>

---

p. 10), that suggestion was only for the convenience of the Court. The calculation of Rent-A-Center's tax refund will be an undisputed matter which the parties could handle by agreement here or in the trial court.

5

State Bar No. 24037393
clint.rosenthal@strasburger.com
Strasburger & Price, LLP
720 Brazos Street, Suite 700
Austin, Texas  78701
(512) 499-3600 Telephone
(512) 499-3660 Facsimile

ATTORNEYS FOR APPELLANT
RENT-A-CENTER, INC.

## CERTIFICATE OF SERVICE

Pursuant to E-Filing Standing Order, I certify that on July 14, 2015, I electronically filed the foregoing with the Clerk of Court using the EFile.TXCourts.gov electronic filing system which will send notification of such filing to the following:

Matthew H. Frederick, Esq.
Jim B. Cloudt, Esq.
Charles K. Eldred
Assistant Attorney General
Financial and Tax Litigation Division
P.O. Box 12548
Austin, Texas  78711-2548

/s/ Farley P. Katz
Farley P. Katz

## CERTIFICATE OF COMPLIANCE

This motion complies with Tex. R. App. P. 9.4(i)(2)(D), because the brief contains 825 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Farley P. Katz
Farley P. Katz

6