NUMBER 13- 95-524- CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 



CIGNA LLOYDS INSURANCE 

COMPANY, UNITED NATIONAL 

INSURANCE COMPANY, AND 

TEXAS PACIFIC INDEMNITY 

COMPANY, Appellants, 



v.

 

BRADLEYS' ELECTRIC, INC., Appellee. 

____________________________________________________________________ 



On appeal from the 94th District Court

 of Nueces County , Texas.

 ____________________________________________________________________ 



OPINION ON REMAND

 Before Chief Justice Seerden and Justices Yañez and Rodriguez 



Opinion by Justice Yañez

 

 This appeal is before this Court on remand from the Texas Supreme Court. Appellants, Cigna Lloyds Insurance Company
("Cigna"), United National Insurance Company ("United National"), and Texas Pacific Indemnity Company ("Texas
Pacific") appealed summary judgments granted in favor of Bradleys' Electric, Incorporated ("Bradleys' Electric"), by which
appellants were held to have a duty to defend a patent infringement claim against Bradleys' Electric. This Court initially
reversed the judgment of the trial court and rendered judgment for the insurance companies. Following rehearing, we
withdrew our original opinion and issued an opinion holding that venue had been improperly transferred from Harris
County to Nueces County.Cigna Lloyds Ins. Co. v. Bradleys' Elec., Inc., 993 S.W.2d 673 (Tex. App.--Corpus Christi
1998), rev'd, 995 S.W.2d 675 (Tex. 1999). Finding that venue was a threshold question, this Court did not address any
other points of error raised by the appellants. Id. at 677. The Texas Supreme Court reversed this ruling, remanding the
case to this Court to consider issues raised on appeal which would require the rendition of a judgment. Bradleys' Elec. Inc.
v. Cigna Lloyds Ins. Co., 995 S.W.2d 675 (Tex. 1999). We reverse and render judgment in favor of appellants. 

FACTUAL AND PROCEDURAL HISTORY 

 The litigation which produced this appeal arose from allegations that Bradleys' Electric had violated several patents held by
the Copeland Corporation ("Copeland"). Bradleys' Electric sells repair parts kits for the repair of valve plate assemblies of
compressors patented and sold by the Copeland Corporation. Copeland informed Bradleys' Electric that, because the kits
sold by Bradleys' Electric could be used to remanufacture Copeland compressors, Bradleys' Electric was violating
Copeland's patents. In response to these allegations, Bradleys' Electric filed suit in federal court in Houston, Texas,
seeking a declaratory judgment that its actions did not constitute patent infringement. Copeland counterclaimed, alleging
that Bradleys' Electric had contributorily infringed, and induced others to infringe, on several patents held by Copeland. 

 Bradleys' Electric contacted its primary insurance carrier, Cigna, requesting that Cigna defend Bradleys' Electric against
Copeland's suit. Cigna agreed to defend Bradleys' Electric against the counterclaim, reserving its rights under its policy;
however, after paying for Bradleys' Electric's initial attorneys' fees, Cigna withdrew from defending the claim, and
demanded Bradleys' Electric return the money already paid by Cigna. Bradleys' Electric then made demands on United
National and Texas Pacific, with whom Bradleys' Electric had umbrella insurance. 

 On October 26, 1993, Cigna filed suit in a Harris County district court, seeking a declaratory judgment that it had no duty
to defend or indemnify Bradleys' Electric in the patent infringement suit brought against Bradleys' Electric by Copeland. 
Bradleys' Electric filed an original answer on December 13, 1993, in which it made a general denial, specially excepted to
venue in Harris County, and sought a declaratory judgment that Cigna had a duty to defend Bradleys' Electric against the
Copeland lawsuit under the "advertising liability" provisions of its policy with Cigna. On that same day, Bradleys' Electric
filed a third-party petition for declaratory judgment and other relief against United National and Texas Pacific, alleging that
both carriers were contractually obligated to defend it against any advertising injury claims. Additionally, Bradleys'
asserted that United National and Texas Pacific were required to indemnify Bradleys' Electric for any "excess" damages it
would have to pay as a result of the alleged advertising injury, in light of Cigna's denial of coverage against the Copeland
cause of action. Also on December 13, 1993, Bradleys' Electric filed a motion to transfer venue of Cigna's cause of action
from Harris County to Nueces County. The Harris County trial court granted Bradleys' Electric's motion to transfer venue. 
The actions between Bradleys' Electric, Cigna, and Texas Pacific were consolidated, and United National joined the
consolidation. 

 The insurance companies filed motions for summary judgment, each arguing that they did not have a duty to defend
Bradleys' Electric. Bradleys' Electric also filed motions for summary judgment, arguing that, under their respective policies,
the insurance companies each had a duty to defend Bradleys' Electric against the Copeland counterclaim. The trial court
granted the insurance companies' motions, then vacated the judgments, following motions for reconsideration filed by
Bradleys' Electric. The trial court then granted summary judgment in favor of Bradleys' Electric against the insurance
companies. 

 On appeal, each insurance company filed its own brief. All three appellants challenge the trial courts' judgments in favor
of Bradleys' Electric, each arguing that there was no duty to defend under its respective policy. 

STANDARD OF REVIEW 

 A summary judgment movant has the burden of showing there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); 801 Nolana v.
RTC Mortgage Trust 1994-S6, 944 S.W.2d 751, 754 (Tex. App.--Corpus Christi 1997, writ denied). Where the only
question presented to the trial court was a question of law and both sides moved for summary judgment, the appellate court
should render the judgment that the trial court should have rendered. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988);
The Cadle Co. v. Butler, 951 S.W.2d 901, 905 (Tex. App.--Corpus Christi 1997, no writ).

DUTY TO DEFEND AGAINST COPELAND'S COUNTERCLAIM 

 An insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy. 
National Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997) (noting
that this 

is sometimes referred to as the "eight corners" rule); Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d
22, 26 (Tex. 1965). If a petition does not allege facts within the scope of coverage, an insurer is not legally required to
defend a suit against its insured. National Union, 939 S.W.2d at 141; American Physicians Ins. Exch. v. Garcia, 876
S.W.2d 842, 848 (Tex. 1994). When determining if a petition alleges facts that potentially state a claim within the
coverage of a policy, the allegations within the petition are liberally interpreted. National Union, 939 S.W.2d at 141. Any
doubt as to whether the allegations state a cause of action within the coverage of the policy is resolved in the insured's
favor. Id. The focus of the inquiry, nevertheless, must be on the facts alleged, not the legal theories alleged. Id.

 We will examine the factual allegations made in Copeland's counterclaim as they relate to the policies issued by each
insurance company. 

 The Copeland Counterclaim

 In the underlying federal court action against Bradleys' Electric, Copeland, after identifying various patents issued to it,
alleges: 

 On information and belief Bradleys' Electric has contributorily infringed, induced others to infringe, and otherwise violated
the exclusive rights conferred on Defendant by the '125 patent, the '755 patent, the '860 patent, the '234 patent, and the '126
patent (referred to collectively as the "patents-in-suit"), by way of Plaintiff's customers' unauthorized remanufacturing of
Copeland's compressors and components of Copeland's compressors, using valve part kits manufactured and sold by the
Plaintiff, thereby infringing the claims of the aforementioned patents-in-suit. Plaintiff will continue such infringing acts
unless enjoined by this Court. 



* * * 



 By reason of the infringement of the patents-in-suit by Bradleys' Electric Defendant Copeland has been and will continue
to be seriously damaged and irreparably injured unless Bradleys' Electric is enjoined by this Court from its deliberate and
willful infringement of the patents-in-suit. 





 The Cigna Lloyds Policy

 On January 1, 1989, Cigna issued a commercial general liability policy to Bradleys' Electric. The policy contained a
$2,000,000 aggregate limit of liability and a $1,000,000 advertising and injury limit of liability. The original one-year
policy was renewed, under different policy numbers, through January 1, 1993. Under the terms of the policy, Cigna agreed: 

to pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising
injury" to which this coverage part applies. We will have the right and duty to defend any "suit" seeking those damages. 
We may at our discretion investigate any "occurrence" or offense and settle any claims or "suit" that may result. 



* * * 



This insurance applies to: 



 (1) "Personal injury" caused by an offense arising out of your business excluding advertising, publishing, broadcasting, or
telecasting done by or for you; 

 (2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services; 



* * * 



"Advertising injury" is defined as being injury arising out of: 



 a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or
organization's goods, products, or services; 

 b. Oral or written publication of material that violates a person's right of privacy; 

 c. Misappropriation of advertising ideas or style of doing business; or 

 d. Infringement of copyright, title or slogan. 



 It may be, as Bradleys' Electric consistently has argued, that the term "advertising injury" could, in some instances, cover
patent infringement allegedly resulting from or arising out of advertising activities.(1) The emphasis Bradleys' Electric
places on this argument, however, is misplaced. Copeland's counterclaim does not allege "advertising injury" resulting in
patent infringement, and we are constrained to examine only the facts alleged, not the legal theories possibly alleged. Nat'l
Union Fire Ins., 939 S.W.2d at 141. 

 The counterclaim expressly alleges contributory infringement "by way of [Bradleys' Electric's] customers' unauthorized
remanufacturing of Copeland's compressors and components of Copeland's compressors, using valve part kits
manufactured and sold by [Bradleys' Electric], thereby infringing the claims of the . . . patents-in-suit." The counterclaim
further alleges that Bradleys' Electric has engaged in "deliberate and willful infringement of the patents-in-suit." We hold
that Copeland's claim does not allege that Bradleys' Electric's advertising activities are responsible, directly or indirectly,
for the patent infringement alleged by Copeland. Cf. Sentry Ins. v. R. J. Weber Co., Inc., 2 F.3d 554, 557 (5th Cir. 1993)
(applying Texas law, holding that insurer had no duty to defend insured against third-party claim of copyright infringement,
despite policy coverage for advertising injury encompassing copyright infringement, because third-party's pleading stated
nothing about advertising, even though it alleged infringement by way of copying, publishing, distributing, and selling). 
Cigna's first point of error is sustained. 

 By our disposition of this point of error, we need not address Cigna's second point, which further challenges the denial of
its motion for summary judgment. Tex. R. App. P. 47.1.

 The Texas Pacific Policy

 On January 9, 1992, Texas Pacific issued a commercial umbrella liability policy for Bradleys' Electric for the period of
January 1, 1992, to January 1, 1993. The terms of the policy agreement provide that Texas Pacific will pay, on behalf of
Bradleys' Electric, any net losses Bradleys' Electric becomes obligated to pay by reason of liability imposed by law, or
assumed under contract or agreement, "arising out of personal injury, property damage, or advertising liability caused by an
occurrence." Under the terms of the policy, "occurrence" is defined to mean an "accident." The policy further provides
that, with respect to any occurrence not covered by an underlying policy but covered by the terms and conditions of the
policy, Texas Pacific shall also defend any suit against Bradleys' Electric seeking damages for personal liability, property
damage, or advertising liability. 



 Under the policy, "advertising liability" is defined to mean: 

(1) libel, slander or defamation, 

(2) any infringement of copyright or title or of a slogan, 

(3) piracy or unfair competition or idea misappropriation under an implied contract, 

(4) any invasion of right of privacy; 

committed or alleged to have been committed during the policy period, in any advertisement, publicity article, broadcast or
telecast and arising out of the insured's advertising activities. 



 Copeland's claim against Bradleys' Electric makes no express or implied reference to any "advertisement, publicity article,
broadcast or telecast" by Bradleys' Electric, nor does it claim that the alleged patent infringement arises out of Bradleys'
Electric's advertising activities. We hold that Texas Pacific has no duty to defend Bradleys' Electric against Copeland's
counterclaim, and that the trial court erred in rendering judgment against Texas Pacific. Texas Pacific's first point of error
is sustained. 

 By our disposition of point of error one, we need not reach Texas Pacific's second point of error, which further complains
that the trial court erred in imposing a duty to defend Bradleys' Electric upon Texas Pacific. Tex. R. App. P. 47.1. 

 The United National Policy

 For the period of March 6, 1990, to January 1, 1991, United National issued a commercial umbrella liability policy to
Bradleys' Electric. The policy provided a liability limit of $5,000,000 in excess of the underlying Cigna policy or subject to
a retention of $10,000. Under the express terms of the policy, United National agrees to pay: 

(a) PERSONAL INJURY LIABILITY. For damages, including damages for care and loss of services, because of personal
injury, including death at any time resulting therefrom, sustained by any person or persons. 

(b) PROPERTY DAMAGE LIABILITY. For damages because of injury to or destruction of tangible property including
consequential loss resulting therefrom, 

(c) ADVERTISING LIABILITY. For damages because of libel, slander, defamation, infringement of copyright, title or
slogan, piracy, unfair competition, idea misappropriation or invasion of right of privacy arising out of the named insured's
advertising activities. 



With respect to any alleged occurrence not covered by the Cigna policy but covered under the United National policy, the
policy provides that United National will defend Bradleys' Electric. 

 Copeland's claim against Bradleys' Electric makes no express or implied reference to any of Bradleys' Electric advertising
activities, nor does it claim that the alleged patent infringement arises out of any Bradleys' Electric advertising activities. 
We hold that United National has no duty to defend Bradleys' Electric against Copeland's counterclaim, and that the trial
court erred in rendering judgment against United National. United National's first point of error is sustained. 

 By our disposition of point of error one, we need not reach United National's second point of error, which further alleges it
had no duty to defend Bradleys' Electric. Tex. R. App. P. 47.1. Further, because of our disposition on the duty to defend
issue, we need not reach the venue issue raised in the alternative by Cigna and United National in subsequent points of
error. Id. 

 Accordingly, the judgment of the trial court is REVERSED. We further RENDER judgment in favor of Cigna, Texas
Pacific, and United National, declaring that the appellants do not have a duty to defend Bradleys' Electric against
Copeland's patent infringement counterclaim. 



 LINDA REYNA YAÑEZ 

 Justice 





Opinion ordered published. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this the 

2nd day of November, 2000. 

1. We find appellants' citation to Continental Ins. Co. v. Del Astra Indus. Inc., No. C-91-4478 SAW (N.D. Cal. Nov. 5,
1992), in relation to this argument, misplaced. In Continental, the district court held that "advertising alone can state a
claim for infringement if the advertisement actively induces another to infringe." Continental Ins. Co., slip op. at 1. The
court's order, however, was not a reported decision. Appellants failed to mention that this case was unpublished.
Appellants further failed to note that the Ninth Circuit, in an unpublished opinion, reversed the judgment of the district
court. Continental Ins. Co. v. Del Astra Indus., Inc., No. 93-15245, slip op. at 1 (9th Cir. Sept. 6, 1994).