

# NUMBER 13-13-00205-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

AON RISK SERVICES SOUTHWEST, INC.,                    **Appellant,**

**v.**

C.L. THOMAS, INC. AND SPEEDY
STOP FOOD STORE, LLC.,                    **Appellee.**

## On appeal from the 135th District Court
## of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Aon Risk Services Southwest, Inc. (Aon), appeals a judgment in favor of appellees, Speedy Stop Food Store, LLC and C.L. Thomas, (together "Thomas"). By four issues, Aon contends: (1) Thomas could not bring a breach of contract claim against it because the trial court determined as a matter of law that the asserted copyright infringement coverage did not exist; (2) a party cannot maintain a breach of contract claim

based on improper advice regarding the coverage of an insurance policy because an insured is charged with knowledge of coverage; (3) the award of attorney's fees was improper; and (4) Thomas failed to present sufficient evidence to support the trial court's judgment of $50,000 in attorney's fees paid to a co-defendant's attorney. We affirm.

## I. BACKGROUND

Aon was Thomas's insurance broker. Thomas and Aon had a fee agreement wherein according to Thomas, Aon agreed to provide notice to Thomas's insurance carriers of any claims against Thomas and to notify Thomas if coverage for the claims existed in any of the multiple insurance policies. A non-party to this appeal, Interplan Architects, Inc., sued Thomas for alleged violations of copyright infringement (the "Interplan Suit"). Thomas notified Aon of the Interplan Suit and asked if Thomas had insurance coverage for copyright infringement. Aon informed Thomas that there was no coverage for the Interplan Suit. The Interplan Suit was dismissed following a partial summary judgment granted in favor of Thomas. Thomas claimed that in defending the suit, it incurred substantial attorneys' fees.

Subsequently, according to Thomas, it was discovered that coverage existed in an insurance policy (the "Lexington Policy") purchased from the Lexington Insurance Company ("Lexington"). Thomas sued Lexington and Aon, alleging that Aon breached the fee agreement by, among other things, advising it that coverage did not exist for the Interplan Suit and for failing to timely notify Lexington of the Interplan Suit.[1] Thomas

---

[1] Thomas urged that Aon's failure to timely notify Lexington of the Interplan Suit prevented Lexington from defending Thomas.

claimed that Lexington breached the Lexington Policy by failing to defend Thomas in the Interplan Suit.

Lexington moved for summary judgment claiming that Thomas breached the Lexington Policy by: (1) failing to provide timely notice to Lexington of the Interplan Suit; and (2) voluntarily paying attorney fees to its opponent in the Interplan Suit. Lexington further contended that Thomas was collaterally estopped from claiming that the notice provision in the Lexington Policy was inapplicable.[2] The trial court granted Lexington's motion for summary judgment and dismissed Thomas's claims against Lexington.

Thereafter, Thomas moved for partial summary judgment requesting that the trial court find that the Lexington Policy provided coverage for the claims made in the Interplan Suit. The trial court granted Thomas's motion. Aon moved for summary judgment on various grounds including that: (1) it did not have an obligation to procure copyright infringement or intellectual property insurance; (2) Thomas had a contractual obligation to provide notice to carriers; (3) the contort doctrine barred tort claims; and (4) Thomas was charged with notice of the terms of the policy. The trial court denied Aon's motion for summary judgment.

The case went to trial on Thomas's breach of contract claim against Aon. The trial court instructed the jury that the Lexington Policy would have provided insurance coverage for copyright claims made against Thomas if timely notice had been provided. The trial court, without objection, admitted Thomas's evidence that it incurred attorney's fees in the amount of $452,000 for the defense of the Interplan Suit and $259,000 for

---

[2] Lexington did not move for summary judgment on the basis that the Lexington Policy did not provide coverage for the type of copyright infringement claims alleged by Interplan.

attorney's fees in the prosecution of this cause of action against Aon. The jury awarded Thomas the fees requested. This appeal by Aon followed.

## II.    THE LEXINGTON INSURANCE POLICY

By its first issue, Aon challenges the trial court's legal determination that the Lexington Policy covered the Interplan Suit.[3] Aon argues that the trial court should have granted its judgment notwithstanding the verdict because Lexington had no duty to defend Thomas in the Interplan Suit and Aon could not have breached its fee agreement by stating that Thomas did not have coverage for the Interplan Suit. Accordingly, Aon contends that the trial court should have granted its motion for judgment notwithstanding the verdict insofar as they made the above arguments.

## A.    Standard of Review and Applicable Law

A judgment notwithstanding the verdict is proper when a directed verdict would have been proper. The motion should be granted (1) when the evidence is conclusive, and one party is entitled to recover as a matter of law or (2) when a legal principle precludes recovery. A motion for judgment n.o.v. based on a legal principle is appropriately granted when it is conclusively established that recovery is precluded even though all the allegations are proven. Although appellate courts ordinarily review a trial court's ruling on a motion for judgment n.o.v. under a no-evidence standard of review, [we review] a question of law . . . de novo.

*Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 320 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (internal citations omitted). Aon is not challenging the sufficiency of the evidence supporting the jury's findings. Instead, Aon is challenging a legal principle, which the trial court determined did not preclude recovery. *See id.* Thus, because whether coverage existed under the Lexington Policy is a question of law, we review this issue de novo. *See id.*

---

[3] Thomas does not dispute Aon's right to challenge whether or not coverage existed.

4

An insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy. If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. When determining if a petition alleges facts that potentially state a claim within the coverage of a policy, the allegations within the petition are liberally interpreted. Any doubt as to whether the allegations state a cause of action within the coverage of the policy is resolved in the insured's favor. The focus of the inquiry, nevertheless, must be on the facts alleged, not the legal theories alleged.

*Cigna Lloyds Ins. Co. v. Bradleys' Elec., Inc.*, 33 S.W.3d 102, 104–05 (Tex. App.—Corpus Christi 2000, pet. denied) (internal citations omitted). This analysis is known as the eight-corners rule, which requires a court to determine whether coverage exists by reviewing the insurance policy and the plaintiff's pleadings together. *See id.* at 104.

## B. Discussion

First, Aon states in its brief that the trial court determined as a matter of law that coverage for Interplan's copyright infringement lawsuit did not exist under the Lexington Policy because Interplan did not allege an advertising injury as Aon claimed the policy required. According to Aon, the trial court granted Lexington's motion for summary judgment on that basis. Aon also claims that after granting Lexington's summary judgment, the trial court determined that the Lexington Policy did provide coverage for copyright infringement but only as to Thomas's breach of contract claim against Aon.[4] Therefore, according to Aon, the trial court contradicted its previous ruling as to Lexington regarding whether coverage existed.

As we previously mentioned, Thomas sued Lexington, its insurance company, alleging that Lexington had breached the Lexington Policy by not paying for its attorneys'

---

[4] As further discussed below, Aon claims that it is undisputed that the trial court determined that the Interplan Suit was not related to an advertising injury.

fees that it incurred in defending the Interplan Suit. Lexington moved for traditional summary judgment on the basis that "[Thomas's] claims for reimbursement of defense costs incurred in the Interplan Lawsuit" were barred for the following reasons: (1) Thomas breached the policy terms by failing to comply with the notice provisions of the policy; (2) Thomas breached the voluntary payments provision of the policy "which prohibit an insured from incurring any costs or expenses without Lexington's consent"; and (3) Thomas was collaterally estopped from claiming that the Lexington policy did not require notice of the "Interplan Lawsuit." The trial court granted Lexington's motion for traditional summary judgment.[5]

As shown above, Lexington did not move for summary judgment on the basis that the Lexington Policy did not cover the Interplan copyright infringement lawsuit. Thus, by granting Lexington summary judgment, the trial court could not have determined as a matter of law that the Lexington Policy provided no coverage for the Interplan Suit because it did not relate to an advertising injury.[6] Accordingly, Aon's complaint that the trial court found no coverage as to Lexington and then changed its ruling only as to Thomas's claim against Aon is without merit.[7]

---

[5] Thomas did not appeal from that judgment.

[6] In fact, when Aon's trial counsel stated to the trial court that it had already granted summary judgment in favor of Lexington on the basis there is no coverage, the judge said, "It's my opinion that where we sit is that I have agreed to let Lexington out because they didn't get notice of the claim in time to make decisions about coverage or anything else."

[7] Aon points to portions of the reporter's record wherein the judge appears to agree that the Lexington Policy does not provide coverage for copyright infringement unless it relates to advertising. However, the judge did not grant summary judgment to Lexington on that basis, and the trial court did not sign any other order making such a conclusion.

Aon further cites Thomas's first motion for partial summary judgment filed on February 24, 2012. In its motion, Thomas sought summary judgment declaring that the Lexington Policy provided coverage for the Interplan Suit. However, the trial court granted Thomas's February 24, 2012 motion on June 15, 2012. Aon has not cited the trial court's June 15, 2012 order. Instead, Aon cites the trial court's order signed on March 20, 2012 granting summary judgment in favor of Lexington. And as previously stated, the trial court

6

Aon further contends in its first issue that as a matter of law the Lexington Policy does not provide coverage for any claims that are not related to advertising. First, Aon claims that it is undisputed that the Interplan Suit did not involve an advertising injury. Thus, Aon argues that for the trial court to conclude that the Lexington Policy covered the claims made by Interplan, the trial court necessarily determined that the Lexington Policy generally covered all copyright infringement claims even though Interplan's claims were not related to advertising. Thomas responds that in the trial court proceedings, it did dispute whether the Interplan Suit involved advertising. In its reply brief, Aon states that Thomas either waived such an argument or abandoned it.

In its February 24, 2012 motion, Thomas stated, "Under the eight corners rule, the allegations in the Original Complaint [filed by Interplan] constituted [an] advertising injury under the [Lexington Policy]." Thus, at trial, Thomas disputed Aon's claim that the Interplan Suit for copyright infringement was not related to advertising. Moreover, throughout the proceedings, Thomas argued that Interplan's copyright infringement claim was related to advertising in addition to arguing that the Lexington Policy generally covered all copyright infringement suits. On June 15, 2012, the trial court granted the February 24, 2012 motion in a general order. Thus, we disagree that Thomas waived or abandoned its claim that the Interplan Suit concerned advertising.[8]

could not have granted summary judgment in favor of Lexington on the basis that there was no coverage because Lexington did not move for summary judgment on that ground. In addition, the basis of Thomas's motion for summary judgment requested a declaration that the Lexington Policy did provide coverage for the Interplan Suit. Thus, the record contains no ruling from the trial court concluding that there was no coverage.

[8] As to its claim that Thomas abandoned his argument, Aon merely cites the following exchange, which occurred at a pre-trial hearing held on October 26, 2012:

[Counsel for Aon]:          [W]e had also moved to strike the affidavit of Mr. Labeff, who testified that the stores constitute advertising, that

7

Finally, based on its contention that it was undisputed, in its appellate brief, Aon only argues that the Lexington Policy does not cover copyright infringement claims that are unrelated to advertising. However, as stated above, in addition to making that argument, Thomas also argued that Interplan's copyright infringement suit was related to advertising, which Aon argues that the Lexington Policy covered. Invoking the eight corners rule, Thomas requested that the trial court construe Interplan's pleadings with the Lexington Policy to determine that Interplan's claims of copyright infringement were in the context of advertising. However, Aon has not challenged this possible ground for the trial court's ruling in its appellate brief.[9] Thus, even assuming that Aon is correct that the Lexington Policy does not cover copyright infringement claims that are unconnected to advertising, we cannot reverse the trial court's judgment because the trial court may have determined that although the Lexington Policy only covered copyright infringement claims related to advertising, the Interplan Suit was related to advertising. And, Aon has not challenged that ground.

---

was the other issue in that motion.

[Counsel for C.L. Thomas]:    That's not in the case.

Aon provides no explanation regarding how this statement by Thomas's trial counsel constituted an abandonment of Thomas's argument that Interplan's copyright infringement claims were related to advertising. *See* TEX. R. APP. P. 38.1(i). Moreover, the trial court had previously determined as a matter of law that coverage for the Interplan Suit existed in the Lexington Policy. Aon makes no claim that Thomas abandoned its argument prior to the trial court's ruling. Thus, we are not persuaded by Aon's assertion that Thomas abandoned its claim that the Interplan Suit involved advertising solely by making the above-quoted statement.

[9] In its reply brief, Aon argues that the Interplan Suit does not involve advertising. However, the rules of appellate procedure do not allow an appellant to raise an issue in a reply brief which was not included in his original brief. *See* TEX. R. APP. P. 38.3; *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) (citing *Penley v. Westbrook*, 146 S.W.3d 220, 227 (Tex. App.—Fort Worth 2004 pet. filed); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied)). Accordingly, because Aon neglected to raise the issue and address the controlling authority related thereto in its original brief, we will not consider it. *See* TEX. R. APP. P. 38.3; *Dallas Cnty.*, 183 S.W.3d at 104. Additionally, we will not consider any other new issues raised in Aon's reply brief.

Moreover, in order to conclude that the Lexington Policy provided coverage for Interplan's copyright infringement claim, in applying the eight corners rule, the trial court was required to review the Lexington Policy together with Interplan's pleadings. *See Cigna*, 33 S.W.3d at 104. The trial court was required to liberally interpret Interplan's petition in order to determine whether it alleged facts that potentially stated a claim within the coverage of the Lexington Policy. *See id.*

In its brief, Aon has not provided any analysis regarding whether Interplan's petition alleged facts that potentially stated a claim within the coverage of the Lexington Policy as Thomas argued below. And Aon has not cited Interplan's petition. Aon only argues that it was undisputed that Interplan's suit was unrelated to advertising. Thus, we will not address whether the pleadings alleged facts that potentially state a claim within the coverage of the Lexington Policy without such argument from Aon as that issue is not before us. Accordingly, we affirm the trial court's denial of Aon's motion for judgment notwithstanding the verdict because the trial court could have concluded that under the eight corners rule, the Interplan Suit concerned an advertising claim, and Aon has not challenged that conclusion. We overrule Aon's first issue.

## IV. BREACH OF CONTRACT

By its second issue, Aon contends that as a policyholder, Thomas "is charged as a matter of law with knowledge of the coverage provisions of its policies."[10] Aon argues

---

[10] Aon states in its brief that the evidence is "legally insufficient to support the jury's finding that Aon breached its contract with [Thomas] and that [Thomas] suffered damages, and the trial court erred in rendering judgment on the jury's verdict and then in overruling Aon's motion for judgment notwithstanding the verdict." However, Aon has not provided any authority or legal analysis regarding our review of the sufficiency of the evidence. Other than the above-quoted statement that the evidence is legally insufficient, Aon has not cited to any evidence in the record. Thus, we cannot construe Aon's argument as challenging the legal sufficiency of the evidence. Instead, we interpret Aon's argument as claiming that due to Thomas's deemed knowledge of its insurance policies, the jury's verdict cannot be upheld even if Aon failed to abide

9

in the alternative that "the trial court abused its discretion by overruling Aon's objection to the charge and refusing to instruct the jury in accordance with the law[] that [Thomas] is charged with knowledge of its insurance policies."[11]  Again, Aon is challenging the trial court's legal determination that by entering into the fee agreement, Aon undertook the responsibility to provide services such as review of Thomas's insurance policies to determine whether Thomas had coverage.  Thus, we review the issue de novo.  *See Pitts & Collard, L.L.P.*, 369 S.W.3d at 320.

In the trial court, Thomas argued that Aon "undertook contractual duties to determine whether coverage existed for the Interplan [S]uit."  Specifically, Thomas argued that by entering into the fee agreement, Aon agreed and failed to:   (1) "provide interpretations of policy terms or legal rights" to Thomas; (2) "to provide claim advocacy" for Thomas to the insurance companies; (3) "to provide claim consulting services"; and (4) "to report claims to insurance companies."  At trial, both sides presented evidence and argument supporting their respective positions regarding whether Aon had a duty to provide the above-mentioned services.

The jury determined that Aon failed to comply with the fee agreement; therefore, it must have found that Aon undertook the above-stated duties alleged by Thomas.[12]  Aon cites no authority, and we find none, prohibiting an insurance broker from agreeing to provide these services.[13]  Moreover, Aon does not challenge the jury's implied finding that

---

by the Agreement.

[11] We need not address these arguments because they are not dispositive of this appeal because as explained below, we overrule Aon's argument that Thomas was deemed with knowledge.

[12] Aon does not challenge the jury's implied findings that Aon undertook the duties as alleged by Thomas.  Thus, we need not address whether the evidence supports those findings.

[13] Aon only cites authority concerning an insured's constructive knowledge of an insurance policy

10

the fee agreement required Aon to provide these services. Accordingly, we are unable to reverse the judgment on the basis that generally an insured, such as Thomas, is charged with knowledge of its insurance policies. This is so because the jury found that Aon agreed to provide those services to Thomas, which included the interpretation of the insurance policies, and the jury found that Aon breached that agreement by failing to do so.[14] We overrule Aon's second issue.[15]

## V.    ATTORNEYS' FEES

By its third issue, Aon contends that the trial court "erred in rendering judgment awarding [Thomas] attorneys' fees in the underlying lawsuit and in the instant lawsuit and then overruling Aon's motion for a new trial because [Thomas] failed to present evidence segregating its recoverable from its non-recoverable fees, both as to fees in the underlying lawsuit and fees in this lawsuit." Thomas responds that it was not required to segregate the attorneys' fees for either the Interplan Suit or its breach of contract suit against Aon. By its fourth issue, Aon contends that there is no evidence to support the

---

in cases of negligent misrepresentation claims.

[14] Aon has not challenged the sufficiency of the evidence supporting the jury's implied finding that it agreed to provide those services to Thomas.

[15] When Aon's trial counsel asked the trial court to instruct the jury that Thomas had a duty to know what its insurance policies covered, the judge stated,

> But under the facts of the case that are in front of the jury, you have told the—your client has told the jury that they handled all the claims that were sent to them and that C.L. Thomas requested them to handle them, they handled all of them, save and except workers' compensation claims. And so even if they have a duty to read this, if they have a working relationship that is governed by the fee agreement that has whatever that number is, Number 16 that says they're going to give them claims consulting and your people have, under that claims consulting team building ethical code, whatever it is, have undertaken to file the claims, it doesn't matter if they have the policies to read or not because they have been encouraged to rely on Aon to do that claims filing as long as they request it.

11

award of $50,000 in attorneys' fees Thomas paid to the Wong Cabello Law Firm for services rendered in the Interplan Suit.

## A.  Standard of Review

We generally review the trial court's decision to grant or deny attorney's fees under an abuse of discretion standard. *Hudspeth Cnty. Underground Water Conservation Dist. No. 1 v. Guitar Holding Co., L.P.*, 355 S.W.3d 428, 435 (Tex. App.—El Paso 2011, pet. denied).  A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*  When reviewing a trial court's decision for an abuse of discretion, we must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in its favor.  *Id.* at 435–36.

## B.  The Interplan Suit

First, Aon argues that at trial, Thomas's expert witness "did not segregate or even attempt to segregate how much time he spent defending each of the four distinct claims that Interplan asserted against [Thomas]—copyright infringement, trademark infringement, breach of contract, and fraud—some of them expressly excluded by the Lexington Policy."  Thomas replies that "Aon's argument improperly assumes that Lexington would only have been required to assume the defense for the copyright infringement claim, leaving [Thomas] to hire defense counsel for the remaining claims." Instead, according to Thomas, Lexington was required to defend all of the claims made against Thomas regardless of whether they were covered by the Lexington Policy.

We agree with Thomas that it was unnecessary for it to segregate its attorney's fees for the Interplan Suit.  This is so because as previously stated, coverage under the Lexington Policy existed for the copyright infringement claim.  "In contrast to the duty to

12

indemnify, which arises only if the facts actually established in the underlying suit amount to a covered claim, the duty to defend arises if a plaintiff's factual allegations, read together with the insurance policy at issue, potentially support a covered claim."[16] *Lexington Ins. Co. v. Nat'l Oilwell NOV., Inc.*, 355 S.W.3d 205, 210 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

> Further, '[i]f a complaint potentially includes a covered claim, the insurer must defend the entire suit.' An insurer must defend its insured against suit as long as the allegations potentially give rise to at least one claim covered by the insurance policy, regardless of the number of claims potentially not covered.

*Id.* at 211. Thus, Lexington had a duty to defend against the Interplan Suit regardless of the number of claims potentially not covered by the Lexington Policy, and Thomas was entitled to any attorneys' fees it incurred in defending the entire Interplan Suit. *See id.* In other words, because all of the attorneys' fees incurred defending the Interplan Suit were recoverable, it was unnecessary that Thomas segregate the fees.[17] Accordingly, we conclude that it was unnecessary for Thomas to present evidence segregating its attorneys' fees in regards to the Interplan Suit.[18]

---

[16] Aon cites the Lexington Policy as expressly excluding claims of an "advertising injury arising out of [the] failure of performance of any contract or breach of contract" or to "any infringement of trade name, registered trade mark, or service mark, other than titles or slogans, by use on or in connection with goods or services sold, offered for sale[,] or advertised." As stated above, if Interplan had successfully prosecuted its suit on those claims, Lexington would not have been obligated to indemnify Thomas for them. However, Lexington still had the obligation to defend Thomas in the Interplan Suit even though those claims were expressly excluded from coverage. *See Lexington Ins. Co. v. Nat'l Oilwell NOV., Inc.*, 355 S.W.3d 205, 210 (Tex. 2011).

[17] If some of the attorneys' fees had been unrecoverable, we agree that Thomas would have been required to segregate the fees.

[18] To the extent that Aon argues that the Lexington Policy precluded Lexington from defending the claims that were not covered, the Lexington Policy contained the following language: "We will defend any suit against the insured alleging liability under the provisions of this policy and seeking recovery for damages on account thereof, even if such is groundless, false, or fraudulent . . . ." The Texas Supreme Court has held that this language requires the insurer to defend the insured against all claims even those not covered by the policy. *See Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006) ("The policy thus defined the duty to defend more broadly than the duty to indemnify. This

13

Aon also asserts that "[Thomas's expert] did not testify—nor could he—that Lexington would have paid his fees for any of the claims or tasks that are specifically excluded from coverage under the Lexington Policy, and there were many. For example, the Lexington Policy by its terms applied only to actions brought against [Thomas], not affirmative actions like the filing and prosecution of [Thomas's] counterclaim and its state court action against Interplan, both of which were included in [Thomas's attorneys'] fees." To the extent that Aon asserts that Thomas did not segregate its attorneys' fees for "the filing and prosecution of [its] counterclaim and its state court action against Interplan," it has not met its appellate burden of providing a clear and concise argument with citation to appropriate authority to support its assertion that the fees that were listed in Thomas's exhibits were required to be segregated or that Thomas's expert did not segregate the fees.[19] *See* TEX. R. APP. P. 38.1(i). Moreover, Thomas's expert testified that the total amount of fees incurred were $452,811.81 and that those fees were necessary in "connection with work that was done to get this favorable result in the Interplan" Suit. The jury awarded Thomas $452,000 for attorneys' fees incurred in the Interplan Suit.

## C.    The Breach of Contract Suit

Next, Aon argues that Thomas "failed to properly segregate the fees paid to its counsel in this case," which included claims for breach of contract, fraud, and negligence

---

is often the case in this type of liability policy and is, in fact, the circumstances assumed to exist under the eight-corners rule. Because the respective duties differ in scope, they are invoked under different circumstances."). Thus, we conclude that the Lexington Policy did not preclude Lexington from defending the claims that were not covered.

[19] The voluminous record contains multiple pages of bills for attorney's fees that were admitted at trial. Aon cites several of the charges it claims were not incurred in the defense of the Interplan Suit. However, Aon has not shown that Thomas's expert witness failed to subtract these charges from the total amount of attorneys' fees that he testified were necessary to defend Thomas in the Interplan Suit. *See* TEX. R. APP. P. 38.1(i). Thus, we decline to do so.

against Aon.[20] *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991) (explaining that a party must segregate attorneys' fees attributable to separate causes of action unless the fees "rendered are in connection with claims arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts'") (citing *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—Dallas 1987, writ denied)).  However, Aon neither objected to Thomas's expert's testimony regarding attorney's fees nor to the jury charge question regarding segregation of the fees incurred in this case on the basis that Thomas failed to segregate its attorneys' fees for its breach of contract claim from its tort claims of fraud and negligence. *See Lesikar v. Rappeport*, 33 S.W.3d 282, 317 (Tex. App.—Texarkana 2000, pet. denied) ("Where no objection is made to the failure to segregate attorneys' fees, either at the time evidence of attorneys' fees is presented or to the charge, the error is waived.") (citing TEX. R. CIV. P. 274; *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997); *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988); *Stewart Title Guar. Co.*, 822 S.W.2d at 11).

At the jury charge conference, Aon objected to the proposed jury question regarding attorney's fees for the Interplan Suit.  Specifically, Aon's trial counsel stated Thomas

> did not properly prove up damages in the underlying case.  They failed to segregate.  There were several different causes of action, only one of which was even argued to have been covered by insurance and Mr. Akers did not attempt to segregate with respect to the different claims.  The case law is that this is the time for us to protest that, and so we do, and the case law is that if they fail to segregate, since that's their burden, they're not entitled to any recovery.

---

[20] Specifically, Aon is requesting segregation between the breach of contract and tort claims.

15

Aon's trial counsel cited Aon's objections to Thomas's proposed charge of the court and defendant's proposed charge filed on October 31, 2012, wherein Aon objected to Thomas's "Proposed Question 4 and 5 because C.L. Thomas failed to segregate the attorneys' fees that are recoverable for the Interplan Suit and those that are not." Aon argued that "Thomas seeks the lump sum amount that it paid to all attorneys who worked on the Interplan Suit," and that "many of those fees are not recoverable because they were paid for tasks not essential to defending Interplan's copyright claims."

Aon generally stated that it objected to question five, which asked the jury "What is a reasonable fee for the necessary services of C.L. Thomas' attorneys in this case, stated in dollars and cents?" However, Aon objected on the basis that "Thomas failed to segregate the attorneys' fees that are recoverable for the Interplan Suit and those that are not." Aon did not object on the basis that Thomas failed to segregate its attorneys' fees for its breach of contract claim from its tort claims. *See* TEX. R. APP. P. 33.1(a)(1) (requiring a specific objection); TEX. R. CIV. P. 274 ("A party objecting to a charge must point out distinctly the objectionable matter and the grounds for the objection. Any complaint as to a question, definition, or instruction on account of any defect, omission, or fault in pleading is waived unless specifically included in the objections."); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 823 (Tex. 1985) ("Because they ['did not object to the broad issue submitted to the jury, which allowed consideration of attorney fees for both causes,'] they have waived that point.") (citing TEX. R. CIV. P. 274); *Wright Way Const. Co. v. Harlingen Mall Co.*, 799 S.W.2d 415, 419 (Tex. App.—Corpus Christi 1990, writ denied) ("[Rule 274] creates a two pronged test: objections to the charge must specify the error and the legal basis of the objection. Rule 274 is strictly construed. For

16

example, in *Castleberry*[*v. Branscum*, 721 S.W.2d 270, 276–77 (Tex. 1986)] the objection that the instructions might 'confuse the jury' or 'prejudice the defendant' was held too general because it did not explain why the instruction was defective or how it would confuse the jury or prejudice the defendant."). Therefore, we conclude that Aon did not preserve its issue regarding segregation of attorney's fees for Thomas's breach of contract claim. *See Lesikar*, 33 S.W.3d at 317. We overrule Aon's third issue.

## D. The Wong Cabello Law Firm Attorneys' Fees

Finally, by its fourth issue, Aon argues that there is no evidence to support an award of $50,000 to Thomas for attorneys' fees it paid to the Wong Cabello Law Firm. Aon states, that the trial court's inclusion of this amount in the judgment "was an abuse of discretion" because "Thomas submitted no evidence—invoices, testimony, or a joint defense agreement—sufficient to support a finding that such expenses were reasonable and necessary for C.L. Thomas's defense of any covered claim in the Interplan Suit." Aon also argues that Thomas presented "no evidence that [the payment] to Wong Cabello is recoverable under the terms of the Lexington Policy."

Although Thomas's expert witness stated that Thomas paid attorneys' fees to Wong Cabello, he did not state whether the $452,811.81 amount included those fees. However, he did testify that the $452,811.81 in attorneys' fees were reasonable and necessary to defend Thomas in the Interplan Suit. Aon did not cross-examine the expert to determine whether he had included the $50,000 in the total. Thus, we cannot conclude, as Aon contends, that Thomas was required to present evidence that the payment to Wong Cabello was recoverable under the terms of the Lexington Policy. This is so because the record does not show that the expert actually included the $50,000 in the

total amount, and Aon has not pointed to anything in the record showing that he included it.[21]

However, even assuming arguendo that the $50,000 was included, Thomas's expert testified that the necessary and reasonable fees incurred in defending the Interplan Suit totaled $452,811.81. This figure was not controverted at trial. Moreover, the expert opined that Thomas benefitted from Wong Cabello's attorney's assistance in the Interplan Suit. Again, this was uncontroverted. Thus, even if the complained-of amount paid to Wong Cabello was included in the total amount, the evidence was sufficient to support a finding that all of the attorneys' fees, including those paid to Wong Cabello, were reasonable and necessary in defending Thomas in the Interplan Suit. Accordingly, there is some evidence to support the award of $427,000 to Thomas for its attorneys' fees in the Interplan Suit.[22] We overrule Aon's fourth issue.

## VIII. CONCLUSION

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
19th day of December, 2014.

---

[21] Thomas's expert witness testified that Thomas agreed to pay a co-defendant's attorneys' fees in the Interplan Suit to the Wong Cabello Law Firm. However, the expert did not state the amount that Thomas paid to Wong Cabello. Aon states that it is undisputed that Thomas paid $50,000 to Wong Cabello, and Thomas's trial counsel stated on the record that "You indicated yesterday your disinclination to allow us to recover the $50,000 that was paid to David Cabello in connection with the Interplan lawsuit. We respectfully request that you, number one, change that opinion but, number two, allow us to argue from the evidence that is in the case at this point." However, this statement does not support a conclusion that Thomas's expert witness included the $50,000 in the total amount.

[22] The jury awarded Thomas $452,000, however, Thomas agreed to subtract $25,000 from that award.